THE OBERLIN LOAN, TRUST AND BANKING COMPANY,
ETC., v. SIMPSON FLINN, *County Treasurer, et al.*

**No. 9623.**

SCHOOL LANDS — *assignment by original purchaser recorded by
county clerk, assignee must have notice before forfeiture for
non-payment.* Where the original purchaser of school lands
sells and assigns his interest therein to another, and the assign-
ment is brought to the attention of the officers and entered on the
records of the county clerk, the State then deals with the as-
signee, who is deemed to be a purchaser within the meaning of
the statute providing for forfeiture proceedings; and before his
interest in the lands can be forfeited for default in paying either
interest or principal, notice must be served upon him as the stat-
ute directs.

Original proceeding in mandamus.    Opinion filed
April 10, 1897.    *Writ allowed.*

*Bertram & McElroy,* for plaintiff.

*J. P. Noble,* for defendants.

JOHNSTON, J.    This is a proceeding to compel the
County Treasurer to receive and accept an interest
payment alleged to be due upon a certificate of pur-
chase of school land, to issue a receipt therefor, and
to compel the County Clerk to restore the records in
his office, concerning the purchase and assignment of
the land, as they were before a certain forfeiture pro-
ceeding was had.

In 1884, J. D. Harris purchased eighty acres of
school land for $240, at which time he paid one-tenth
of the purchase price.    A certificate of purchase was
issued which showed that the balance was to be paid
twenty years thereafter, interest thereon to be paid
annually at the rate of six per cent. per annum.
Five annual payments of interest were made by him,
and, on January 20, 1888, he sold and assigned his
interest in the land to the Oberlin Loan, Trust and

Banking Company, and the assignment was entered upon the records of the office of the County Clerk. Subsequently, three annual payments of interest were made by the assignee, and the money was received by the Treasurer, whose receipt was countersigned by the County Clerk. Entries were made upon the records, crediting the assignee with the payments made and charging the amount of the same to the Treasurer. The interest payment due on August 16, 1893, was not paid; and, on October 2, 1893, the County Clerk issued a notice in writing, addressed to the original purchaser, J. D. Harris, to the effect that, if payment of the defaulted interest was not made within sixty days after the service of the notice, he would forfeit all right and interest in the land under the purchase. There was no personal service of the notice upon Harris, nor upon any one in possession of the land. The return of the sheriff was that, after diligent inquiry, he could not find Harris in the county, nor any person in possession of the land, and that he had therefore posted the notice in the office of the County Clerk. No notice was given to the assignee who purchased and took an assignment of the land from Harris, nor was there any attempt made to give the assignee notice. On February 20, 1894, the assignee learned of the proceedings, and offered to pay the defaulted interest and all costs which had accrued by reason of the forfeiture proceedings. The tender was refused, upon the theory that there had been a forfeiture of all right or interest under the purchase heretofore mentioned.

The only question presented for consideration is the sufficiency of the notice upon which the forfeiture proceedings were based. The description of the land in the notice was somewhat vague and indefinite; but, assuming that it was sufficient in that regard if

properly served, we have the question whether the notice to the original purchaser, who had parted with his interest and whose assignment to the plaintiff was a matter of record in the County Clerk's office, meets the requirement of the statute.   It was well known by the County Clerk and County Treasurer that the land had been purchased by the plaintiff company from Harris.   Aside from the entry of assignment upon the records, the Treasurer had received several interest payments from the plaintiff, which had been duly acknowledged and credited by the County Clerk ; and they were, therefore, aware that Harris was not the owner of the land and that notice to him was of no avail.   Under the circumstances, notice should have been given to the plaintiff, which was the recognized purchaser of the land.   It is true, the statute provides that notice shall be given to the purchaser (Gen. Stat. 1889, ¶ 5782) ; but in a case like this the assignee is deemed to be the purchaser.   The right of the original purchaser to sell and assign his interest is recognized throughout the law providing for the sale and disposition of school land, as well as in the forms for certificates and other papers which have been prepared by the Attorney General in accordance with statutory direction.   Even the printed form used in the present case suggested that notice should be addressed and given to the assignee.   When a sale is made by the original purchaser, the State must then deal with the subsequent purchaser.   He is, in fact, a purchaser, within the meaning of the statute providing for forfeiture ; and when a sale and assignment is brought to the attention of the officers, and a record thereof is made, it is essential that notice should be given to him.   As forfeitures are not favored, the statutory requirements must be strictly pursued ; and before it can be held that a purchaser of school lands

has forfeited all his right and interest in the lands purchased, it must appear that notice of his default has been given him in accordance with the statutory provisions. Such notice was not given the plaintiff in this case, and, therefore, the forfeiture proceeding is a nullity.

The plaintiff is entitled to be restored to the rights of a purchaser; and, therefore, the writ of mandamus will be awarded in accordance with the prayer of the petition.