THE ABERNATHY FURNITURE COMPANY *et al.* v. H. SPENCER, *as County Treasurer of Logan County, Kansas.*

No. 10520.

1. SCHOOL LAND FORFEITURE PROCEEDINGS—*notice of, must be given both assignees under joint assignment brought to official notice.* Where the certificate of purchase and the rights of the original purchaser of school lands have been assigned to two persons jointly, and where the assignment is brought to the attention of the officers, the assignees will be deemed to be purchasers within the meaning of the statute providing for forfeiture proceedings, and before a forfeiture can be obtained notice must be given to both such assignees.

2. ———— *constructive notice of, not warranted by sheriff's return that purchaser " not found "; must be " cannot be found."* Before constructive notice is warranted it must appear by the return of the sheriff that the purchaser cannot be found, and that no person is in possession of the land. A statement in the return that the purchaser was not found is not equivalent to the requirement that he cannot be found.

3. ———— *to warrant constructive service of, return must officially show no person in possession.* To justify constructive service the return of the sheriff should affirmatively show that no person is in possession of the land at the time of the attempted service.

4. ———— *return must show notice posted in "conspicuous place" in county clerk's office. Knott v. Tade,* 58 Kan. 94, holding that the return must show that the notice was posted in a conspicuous place in the county clerk's office, followed.

Original proceeding in mandamus.   Opinion filed March 5, 1898.   *Writ allowed.*

*Wall & Brooks,* for plaintiffs in error.

*W. C. Phinney,* for defendant in error.

JOHNSTON, J. The matter in controversy between the parties to this proceeding is the validity of an attempted forfeiture of the rights obtained under a purchase of school land. A quarter-section of school land in Logan county was sold on January 9, 1886, to W. M. Forbes, who paid one-tenth of the purchase price and obtained a certificate of purchase. The interest on the deferred payments was to be paid annually by the purchaser, as the statute requires. Shortly after the purchase, Forbes transferred his interest to The Abernathy Furniture Company and Miller Hall, and made an assignment of the certificate of purchase to them. Afterward, these joint owners paid the interest upon the unpaid purchase price, annually, for a period of about seven years, for which the county treasurer executed receipts, and these were presented to the county clerk, where proper credits were given.

When the parties again tendered an annual payment, the county treasurer refused to accept the same, claiming that there had been a forfeiture of the purchasers' rights. The proceedings in forfeiture were based upon a notice directed to the Abernathy Furniture Company alone, notifying it that there was $51.84 annual interest due, and that if it failed to pay that amount, together with the costs of the proceeding, within sixty days from the time of service, that the purchasers would absolutely forfeit all right and interest in the land. An attempt was made by the sheriff to serve this notice, and the following is the return which he made : "Received this notice this 10th day of June, 1895 ; served the same by going upon the within described land and finding no one in possession — the within named Abernathy Furniture Company not found in my county — I therefore posted a copy of the within notice in the county clerk's office of Logan County, Kansas, June 13, 1895. T. J. Healey, Sheriff." No other or different notice was issued, nor was there any other or better service than the one above described.

The forfeiture cannot be sustained. There was no attempt to give notice to Miller Hall, an assignee of the original purchaser. It appears that the assignment of the rights of the original purchaser to the plaintiffs herein had been brought to the notice of the officers, and therefore the assignees are to be treated as the purchasers, and notice to them of the proposed forfeiture was essential. *Oberlin L. T. & B. Co. v. Flinn*, 58 Kan. 83 ; 48 Pac. 560. In this case no notice was given to the original purchaser, and that attempted on the Abernathy Furniture Company does not comply with the statutory requirements.

As will be observed, the return of the sheriff states

that the company was not found in his county, and that therefore he posted a copy of the notice in the office of the county clerk. Notice by posting is only warranted where the "purchaser cannot be found, and no person is in possession of said lands." Gen. Stat. 1897, ch. 65, § 27. The statement in the return that the purchaser was "not found" is not the equivalent of the statutory requirement that he "cannot be found." It is apparent from the language of the statute that the Legislature intended that every reasonable means should be employed to find the party in the county, and make personal service on him; it therefore became the duty of the sheriff to make diligent search and inquiry, so that he could truthfully say and return that the purchaser "cannot be found." Until this is done constructive service is not justified.

*2. "Not found" not sufficient return.*

It is also insufficient in respect to the possession of the land. The return states that when he went upon the land he found no one in possession; but the fact that no one actually resided thereon or was actually present there at the time of the sheriff's visit, does not prove that there was no possession. In order to be in possession, a person is not required to be personally present on the land all the time, and the return of the sheriff does not negative the fact that some one was in possession of the land at the time of the attempted forfeiture.

*3. Constructive notice given, when.*

The return also fails to show that the notice was posted in the manner required by the statute. It is required that it shall be posted "in a conspicuous place" in the office of the county clerk, and a return is insufficient which merely states that it was posted in the county clerk's office. *Knott v. Tade*, 58 Kan. 94, 48 Pac. 561.

*4. Return must show notice posted in statutory manner.*

To effect a forfeiture there must be a strict compliance with the statutory requirements. Unless notice is given to the purchaser as the statute provides, there is no jurisdiction to declare a forfeiture, and any proceeding based on insufficient notice is without force.

The facts set forth by the plaintiffs entitled them to the relief which they ask, and, as the case was finally submitted on the averments of the alternative writ, it follows that the peremptory writ must be allowed.