T. J. ROLL *et al., Plaintiffs,* v. JAMES M. NATION, *as Auditor, etc., et al., Defendants.*
No. 16,568.

SYLLABUS BY THE COURT.

1. SCHOOL LAND—*Invalid Forfeiture—Rights of Assignee of Original Purchaser.* After an attempted forfeiture of a sale of school land a person who, relying upon the regularity and validity of the forfeiture proceedings, purchases the land, and afterward ascertains that the forfeiture is invalid, may take an assignment from the former purchaser and perfect his rights to the land under such former certificate.

2. ——— *Forfeiture—Notice—Assignee—"Purchaser."* Where a purchaser of school land assigns the certificate and the assignment is brought to the knowledge of the county clerk, who enters it upon the records of his office, the assignee will thereafter be deemed to be a "purchaser" within the meaning of the statute providing for forfeiture proceedings; and in such proceedings notice must be served upon him as the statute directs.

3. ——— *Notice of Forfeiture Issued Only to Assignor—Second Sale Invalid.* Where in proceedings to forfeit the sale of school land the notice is issued to a person who is shown by the record in the county clerk's office to have assigned his interest in such land to another, and no steps are taken to give notice to the assignee or to any one holding under him, the proceedings can not be upheld and a subsequent sale will be held to be invalid.

4. ——— *Patent—Assignee—Mandamus.* Where in such a case

a purchaser who buys the land in good faith, relying upon the regularity and legality of the forfeiture proceedings, subsequently ascertains that such proceedings are invalid, and obtains an assignment of the former certificate of sale and completes the purchase thereunder, he will be entitled to a patent to the land; and it will be the duty of the state auditor to make the proper certificate authorizing such patent upon demand.

Original proceedings in mandamus. Opinion filed June 11, 1910. Writ allowed.

*T. F. Garver,* and *R. D. Garver,* for the plaintiffs.

*Fred S. Jackson,* attorney-general, *John Marshall,* assistant attorney-general, and *Charles D. Shukers,* special assistant attorney-general, for the defendants.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced in this court by T. J. Roll and Oscar Roll for a writ of mandamus to compel the state auditor to make the proper certificate to enable them to obtain a patent for certain school land which they have purchased and paid for, as prescribed by law. It has been made to appear that E. P. Williams purchased the land in question on October 13, 1884. In the following November he assigned the certificate to Gust Carlander. The assignment was duly reported to and recorded by the county clerk of Pratt county, where the land is located. Carlander held the land for ten years, during which time he regularly paid the interest on the deferred payments. He assigned the certificate to the McPherson National Bank, and it assigned to Charles H. Williams, who assigned to the petitioners herein. The petitioners paid the balance of the purchase money in full, and the county clerk duly indorsed upon the certificate that the purchase price had been fully paid and the holders of the certificate were entitled to a patent to the land. The petitioners presented the certificate so indorsed

to the state auditor, and demanded that he indorse it as required by law in such cases, so that a patent to the land could be obtained by them. The auditor refused to make the necessary indorsements, for the sole and only reason that the sale to E. P. Williams had been forfeited and the land had been again sold.

It appears that steps were taken to forfeit the sale to Williams, and upon the assumption that the forfeiture was valid and in compliance with the law the land was again offered for sale. The petitioners were in possession of the land, purchased at the second sale, and received a certificate of sale therefor in 1903. In 1907 Charles H. Williams, then the owner of the certificate under the first sale, commenced an action of ejectment in the federal court against these petitioners, who were then claiming the land under the second sale. In that action it was claimed by the plaintiff that the forfeiture of the first sale was invalid. The petitioners were informed by counsel that their title under the second sale was defective, and were advised to make terms with Williams and secure the rights held by him. They thereupon, for the purpose of securing peace and security in the possession of the land and improvements, obtained an assignment from Williams and his wife of all their right, title and interest in the land. The auditor informed the petitioners that they would be compelled to pay up under the last sale before they could obtain a patent to the land.

We think the forfeiture proceedings were invalid, and therefore the petitioners have a right to a patent under the first sale, having paid the purchase price in full. The county clerk did not issue a notice of forfeiture to the owner whose name appeared of record, but such notice was issued to E. P. Williams, who was known to have parted with his right to the land and had no further interest in it. It appeared from the record that Gust Carlander was the owner. No effort was made to give notice to him, or to his heirs, or to

anyone who might be holding under him. On the contrary, a notice was issued to a person known to have no interest in the land. Such a notice was not only useless, but was misleading to persons unacquainted with the facts. An assignee of a purchaser, when the assignment has been reported to and recorded by the county clerk, takes the place of the former purchaser, and must be dealt with in forfeiture proceedings as the purchaser. (*Oberlin Loan Co. v. Flinn,* 58 Kan. 83.) Under section 6356 of the General Statutes of 1901 (Laws 1879, ch. 161, § 2) notice of forfeiture must be issued to the purchaser. At the time of the attempted forfeiture the plaintiffs were in possession of the land as tenants of the McPherson bank, which was then the owner of the land. The proceedings were clearly not in compliance with the law, and therefore the forfeiture is invalid.

The first sale must be upheld, and the petitioners are entitled to a patent. The auditor ought to comply with their request in the premises. (*Hickert v. Van Doren,* 76 Kan. 674.)

The writ is allowed.

BENSON, J. (dissenting) : The notice of forfeiture was directed to Williams, the purchaser, and to all others concerned. Williams had assigned the certificate and the assignment was recorded before the notice was issued, but Carlander, to whom it was assigned, had also assigned it to the bank and had died before the issuance of the notice. The idle ceremony of directing a notice to a dead man was not required by the statute, nor for any good reason, and certainly it should not have been directed to his heirs, for they had no interest in the land. The owner of the certificate at that time was a bank of another county, and Williams could not be found within the county. Roll, the tenant of the nonresident owner, was in possession of the land. In these circumstances service of the notice was properly

made upon such tenant.   No other service, even if pos-
sible, was required.    (Laws 1879, ch. 161, § 2; Gen.
Stat. 1901, § 6356; Laws 1907, ch. 373; Gen. Stat. 1909,
§§ 7692-7696.)

The forfeiture seems to have been complete, and the
auditor's decision right.

Mr. Chief Justice JOHNSTON concurs in this dissent.