The opinion of the court was delivered by
Horton, C. J.:
This is an original proceeding in mandamus, to compel the defendant, as treasurer of Marion county, to receive the sum of $45 from the plaintiff, as the first installment of the purchase-money for the following-described school land, to wit, the north half of the northwest quarter ■of section sixteen, township twenty-one, south, of range five, ■east of 6th principal meridian, in said Marion county, and to give to the plaintiff therefor a receipt.
The facts in the case are substantially these: On the 13th ■day of January, 1880, one E. S. Moody filed his petition in *520 the probate court of Marion county, for the purpose of being-allowed to purchase the northwest quarter of section sixteen,, town twenty-one, range five, east, in said county. On the 5th day of February, 1880, John Wilkie, the plaintiff, filed in the said court his petition, stating that he had settled upon' and improved the north half of the northwest quarter of section sixteen, township twenty-one, south, of range five, east of the 6th principal meridian, in said county; that the same-had been appraised, and asked that he be allowed to purchase the same. On the 12th of March, 1880, the petitions came on to be heard in the probate court, and upon such hearing each of the petitioners endeavored to defeat the claim of his. adversary to the land in dispute, and also endeavored affirmatively to establish his own right to purchase the same,, by evidence tending to show his priority of settlement and cultivation. The petition of the said E. S. Moody was denied. By an oversight, the order permitting plaintiff to purchase-the land was omitted from the record of the probate court. On the second Monday of January, 1881, the term of office of the judge of said probate court (one H. V. R. Wilmot),. before whom all of said proceedings in said probate court had been held, closed, and he, the said Wilmot, was then succeeded in office by one B. F. Brockett, who, ever since said second Monday in January, 1881, has held, and now holds, said office of probate judge. Ón or about the 24th of March, 1881, the probate court entered a nunc pro tunc order, granting the prayer of the plaintiff to purchase the land described in his petition. On the 25th day of March, 1881, the plaintiff presented to the defendant, as treasurer of Marion county, a-transcript of the record of the judgment of the probate court, allowing him to purchase the land, and tendered to him the-sum of $45, being one-tenth of the purchase-money for said school land. The defendant refused to receive the money,, or give the plaintiff' a receipt therefor. After the probate court had decided that E. S. Moody had failed to establish the truth of his petition, Moody appealed to the district court in accordance with the provisions of the statute. Trial wa& *521 had on the 26th day of January, 1881. As originally docketed the title of the action was, “ E. S. Moody against John Wilkie.” By order of the court the title was changed to read as follows: “In the matter of the petition of E. S; Moody, to purchase school land, to wit, the northwest quarter of section sixteen, township twenty-one, range five, east of sixth P. M., in Marion county, Kansas.” The journal entry of the district court shows that the petitioner, E. S. Moody, appeared by Frank Doster, his attorney, and the state of Kansas by C. Reed, the county attorney; that the parties respectively introduced their evidence, and the court adjudged that the said Moody was entitled, to purchase the land at the appraised value, exclusive of improvements. It is agreed by the parties, however, that upon the trial of the appeal of E. S. Moody, the plaintiff appeared as a party contestant against Moody,, engaged counsel to resist Moody, and endeavored upon the trial to defeat his claim to the land, by giving and procuring evidence of his own prior and better right' to the portion thereof claimed by him. Moody tendered to defendant, on December 22, 1881, the sum of $69, being one-tenth of the purchase-money for the land he claimed to be entitled to purchase.
The plaintiff claims that as he properly filed his petition in the probate court, proved the facts set forth therein, and was adjudged by said court to be entitled to purchase the-premises described in the petition, and thereafter presented to the defendant as treasurer a certified transcript of the order and judgment of the probate court, allowing him to purchase the land, and first tendered to him one-tenth of the purchase-money, that it was the duty of the defendant to accept the same and execute therefor a receipt.
On the part of the defense it is urged that the peremptory writ must be denied, on the ground that the matter in dispute is res adjudicata by the judgment of the district court of Chase county, of date of January 26,1881, and therefore cannot be relitigated by the plaintiff in an original proceeding.
The claim of the plaintiff is well taken. He made the *522 first tender. He fully complied with the statute. It is not within the duty of the defendant as treasurer to inquire into any mere irregularities of the proceedings of the probate court of Marion county, or to decide between the separate judgments under which the claimants insist they have the right to purchase the land in controversy. His only duty in the premises, after the probate court had adjudged that the plaintiff was entitled to purchase the land, when the plaintiff tendered to him the purchase-money therefor, was to receive and give him a receipt therefor. It was not his duty to look after the interests of any other person or claimant. (Comp. Laws 1879, ch. 92, pp. 854, 855, §§195-199.) The acceptance of the money and the issuance of a receipt therefor cannot in any manner prejudice the rights of any other person, nor deprive such other person of any interest in the land or of any remedy to which he may be entitled. The payment to the treasurer and the issuance of a receipt therefor does not determine the ultimate right of either the plaintiff or any other claimant, and the defendant might have accepted the money from both claimants and issued receipts therefor, as each claimant is supported by a judgment of a court of competent jurisdiction. The disposition of this case in favor of the plaintiff will not determine the question ■of title of the land adversely to Moody, but merely enables the plaintiff to enforce hereafter, in the way of ejectment or an action to quiet title, or other valid legal .proceeding, any right which he has to the premises. Perhaps plaintiff might have proceeded without the possession of the treasurer’s receipt to contest with Moody the land claimed by him, but such a proceeding might lead to additional complications, and we think the course now being pursued the better one to be adopted. An action between plaintiff and Moody will decide the priority of settlement and cultivation. The proceedings of each thus far have been merely to place the parties in a situation for that contest. Unless one or the other yields, this dispute can only be legally settled by a proceeding over which such parties have control in all its stages.
*523 The judgment of January 26, 1881, did not conclude the rights of the plaintiff. He was not and'could not have been a party in any legal sense to the appeal from the probate court, or the proceedings in the district court. There are two parties only to a proceeding before the probate court — the petitioner, and the state as represented by the superintendent of public instruction. The plaintiff was not 'aggrieved by the decision of the probate court, and therefore he had no right to appeal to the district court. Moody was the party aggrieved by the decision of the probate court, and hence he had the right to appeal, and did appeal to the district court. The fact that the petitions of the parties were heard together in the probate court, and upon such hearing each of the petitioners sought to defeat the claim of his adversary to the lands in dispute, does not affect, or change the rights of the parties. The probate court, to save time, might well-have heard all the evidence and arguments as upon a single trial, but in other respects the cases must have been deemed separate and distinct. It was the duty of the court to have decided upon each petition whether the petitioner had established the truth thereof. It is clear that the probate court found that E. S. Moody had failed to establish the facts set forth in his petition.
There is some little controversy as to the decision of -the probate court upon the petition of Wilkie at the time of the trial, but in our view this matter at this time is immaterial. The judgment of the probate court, as presented to the.defendant, shows plaintiff is entitled to purchase. The state does not object, and thus far has not questioned the proceeding. The appearance of the plaintiff .in the district court to contest with Moody was that of a mere volunteer, as in law he had no right to control the proceedings in the district court, to make any defense, to examine or cross-examine witnesses, or to prosecute proceedings in error from the rulings and judgment of that court. Persons not having those rights substantially, are regarded as strangers to the cause. There were in that court, as in the probate court, two parties only — the claimant seeking to purchase, and the state as represented by *524 the superintendent of public instruction. We therefore hold the plaintiff was not a party to the appeal in the district court, aud that the adjudication in that court was not conclusive against him. Neither is the adjudication in the probate court adjudging plaintiff entitled to purchase, conclusive against Moody. The only question which the statute submitted to the probate court upon the petition filed by plaintiff was, whether the.facts set forth in the petition were true. If those facts were established, the probate judge ought to have granted the order permitting the petitioner to purchase. The statute has not provided for interpleas, or the litigation among claimants for the right to purchase school lands before the probate judge. Each petitioner stands upon his own petition, and the judgment rendered upon one petition is not conclusive or effective against the rights of another claimant, nor a bar in another court of the rights of a claimant who has appealed to the district court. The appeal of Moody vacated the judgment of the probate court upon his petition, but in no way disturbed any order or judgment of the probate court rendered upon the petition of plaintiff.
Let a peremptory writ be awarded against defendant.
All the Justices concurring.