JOHN S. KNOTT v. JOHN D. TADE, *as County Treasurer, et al.*

No. 9651.

1. SCHOOL LAND—*notice of default must be served on assignee when lands cultivated, though no resident thereon.* School land in actual cultivation by a tenant of the assignee of the original purchaser, but upon which no one resides, is nevertheless in possession of such assignee; and service upon him of notice of default of payment is necessary to a forfeiture of his interest in the land under section 219, chapter 92, General Statutes of 1889.

2. ———— *return that notice posted in county clerk's office without stating "in a conspicuous place," will not authorize forfeiture.* To effect a forfeiture of a school-land purchase, full compliance with the statutory forms of notice and service is requisite; and a return by the sheriff that he posted the notice of default of payment in the county clerk's office, when the statute requires it to be posted "in a conspicuous place" in such office, is insufficient.

Original proceedings in mandamus. Opinion filed April 10, 1897. *Writ allowed.*

This was a proceeding in mandamus, brought originally in this court, to compel the County Treasurer of Decatur County to accept interest payments due on a school-land purchase and issue receipts therefor, and to compel the County Clerk of the same county to countersign the receipts when issued. No return to the alternative writ was filed, but the case was heard and disposed of upon an agreed statement of facts. From the agreed statement it appears that, up to October 20, 1892, the interest had been paid; but that none had been paid since, when, March 6, 1894, the relator tendered all due at that date. The Treasurer refused to receive the money, basing his refusal upon the ground that, February 23, 1894, by virtue of certain proceedings set forth in the opinion, the purchase had been forfeited.

*Bertram & McElroy,* for plaintiff.

*J. C. Watson,* County Attorney, and *J. F. Peters,* for defendants.

DOSTER, C. J. This case is presented upon an agreed statement of facts submitting a question as to the right of the assignee of a school-land purchase to set aside a forfeiture of the same for non-payment of an installment of interest due thereon.

The original purchaser, one S. F. Colby, assigned his contract to one E. E. Stewart, from whom, by successive assignments, it passed to the plaintiff, who, failing to make the interest payment spoken of, suffered the forfeiture in question. The assignment to the plaintiff was not recorded in the office of the County Clerk, in which respect this case is unlike that of the *Oberlin Loan, Trust and Banking Company v. Flinn, as County Treasurer* (ante, p.——), decided at this term.

Paragraph 5782 of the General Statutes of 1889, providing for forfeiture of school lands upon non-payment of purchase money or interest, upon notice given, declares as follows : "The notice above provided for shall be served by the sheriff of the county, by delivering a copy thereof to such purchaser, if found in the county ; also to all persons in possession of such land ; and if such person cannot be found, and no person is in possession of the land, then by posting the same up in a conspicuous place in the office of the county clerk."

1. Notice of default, how served.

A notice in proper form, addressed to S. F. Colby, the original purchaser, and H. W. Fay and A. Eckles, who were intermediate assignees, was issued to the sheriff, who made return of such notice as follows :

"Received this writ December 9, 1893. J. D. Flanigan, Sheriff.

" Served the within writ on the twentieth day of De-

cember, 1893, by going to the land, finding it wholly abandoned. I then posted a true copy of this notice in the county clerk's office. Sheriff, J. D. Flanigan.

"December 20, 1893. Having made diligent search, I cannot find the within-named S. F. Colby in Decatur County. J. D. Flanigan, Sheriff."

No one resided upon the land, but a portion of it was under cultivation by a tenant of the plaintiff, and visible evidences of recent cultivation existed thereon. Upon this state of facts, the forfeiture in question cannot be allowed. Forfeitures are not favored in the law; rather are they to be discountenanced, and to be relieved against whenever practicable. The proceedings in forfeiture are strictly construed against the right to its exercise. In this case, the land was not, as the sheriff returned, "wholly abandoned." While no one was actually domiciled thereon, yet, as was plain to be seen, it was in the possession of some one; for cultivation,— the open, unconcealed exercise of dominion over property — is possession. The statute permits service by posting in the county clerk's office only in cases where "no person is in possession of the land." Some one being in possession of the land in question in this case, it was the duty of the sheriff to follow the lead of the inquiry suggested by that fact, and to deliver a copy of the notice to such person when found.

The sheriff's return is also defective upon its face. The statute requires the notice to be posted "*in a conspicuous place* in the office of the county clerk." The return merely states that it was " posted in the county clerk's office." The notice and the return of service in such cases are jurisdictional. No intendment of material matter will be made and no presumption of a material character will be indulged in such cases for the purpose of subjecting parties to jurisdiction. Jurisdiction must affirmatively appear, and, usually,

with technical fullness.   The sheriff's notice, if posted in the county clerk's office, out of sight or even in an

2. Notice posted in a conspicuous place.

obscure place, would not be a good notice.   It must be posted in a "conspicuous place," and the sheriff must return that he posted it in such place.

A peremptory writ of mandamus will be allowed as prayed for.