JESSIE B. SCOTT v. FRED L. SCHWAB, *as County Treasurer.*

No. 14,131. (78 Pac. 443.)

SYLLABUS BY THE COURT.

MANDAMUS—*School-lands—County Treasurer's Duties Ministerial.* Where a county treasurer has been presented with a transcript of the record of the judgment of the probate court allowing the person therein named to purchase school-lands, and has received from such person an instalment of the purchase-money and issued his receipt therefor, mandamus will lie to compel the treasurer to accept an instalment of the purchase-money from, and give a receipt to, another who presents a proper transcript from the probate court allowing him to purchase the same lands, and makes a tender of the money. His duties being ministerial, the treasurer can exercise no judicial powers in the premises.

Original proceeding in mandamus. Opinion filed November 5, 1904. Peremptory writ allowed.

*Dempster Scott,* and *Valentine, Godard & Valentine,* for plaintiff.

*C. C. Coleman,* attorney-general, for defendant.

The opinion of the court was delivered by

ATKINSON, J. : This is an original proceeding in mandamus by Jessie B. Scott to compel Fred L. Schwab, as county treasurer of Rawlins county, to accept from plaintiff, and issue to her his official receipt for, one-tenth of the purchase-price of the southwest quarter of section sixteen (16), township three (3) south, range thirty-three (33) west, in Rawlins county, the same being the first payment for school-lands belonging to the state of Kansas. Upon the application of plaintiff an alternative writ issued. It appears that on the 1st day of January, 1904, the premises were school-lands, unoccupied, and subject to settlement; that on said date plaintiff entered, and made settlement upon,

Scott v. Schwab.

thereon, and has since continuously occupied the same as her home ; that she has improved the property, and in all things complied with the statutes governing the entry of school-lands for resident purposes, the details of which are carefully recited in the writ. It further appears that on the 26th day of July, 1904, the petition of plaintiff was regularly heard before the probate court of Rawlins county, and the court found that she had settled upon, and improved, said lands as required by statute, and made and entered of record its judgment, which remains in force and effect ; that thereafter, and on the same day, between the hours of four and five o'clock P. M., plaintiff presented to defendant, as treasurer of said county, at his office, a duly certified copy of the findings and judgment of the probate court, and tendered to defendant one-tenth of the purchase-price for said lands, and requested him to execute and deliver to her a receipt therefor ; that defendant refused to accept the money, and issue a receipt to her.

Defendant filed an answer, or return, which in effect admitted the averments of the alternative writ, and further alleged that on said 26th day of July, 1904, and prior to the hearing and adjudication of plaintiff's claim, the probate court of Rawlins county found and made and entered of record its judgment that one Daniel C. Cashman had settled upon, and improved, said described lands as required by statute ; that Daniel C. Cashman, prior to the time plaintiff presented to defendant the certificate of the probate court and made tender of payment, had presented to defendant his certificate from the probate court and paid to defendant one-tenth of the appraised value of said premises, and defendant had issued to him a receipt therefor. Plaintiff filed her motion to quash defendant's answer,

or return.   The motion is the equivalent of a demurrer. (*Crans v. Francis, T¹ eas., &c.,* 24 Kan. 750.)

The question for determination is whether the fact that defendant had accepted from Cashman one-tenth of the purchase-price of the lands, and issued to him a receipt therefor, justified his refusal to accept from plaintiff one-tenth of the purchase-price for said lands and issue to her a receipt therefor.   The question, though not squarely determined, has in effect been considered by this court in the case of *Wilkie v. Howe, Treasurer,* 27 Kan. 518.   Although the controversy in that case was under chapter 122 of article 14 of the Laws of 1876, there is no material change between it and the present school-land law (Gen. Stat. 1901, §§ 6338–6379), in so far as the same is applicable to the single issue here presented.

In that case the plaintiff, Wilkie, presented to the defendant, Howe, as treasurer of Marion county, a transcript of the record of the judgment of the probate court allowing him to purchase the land, and tendered to Howe, as treasurer, the sum of forty-five dollars, it being one-tenth of the purchase-money. The defendant treasurer refused to receive the money, or give to Wilkie a receipt therefor, but appeared to favor one E. S. Moody, who claimed to be entitled to purchase the land.   Chief Justice Horton, in delivering the opinion of the court, said :

"The claim of the plaintiff is well taken.   He made the first tender.   He fully complied with the statute. It is not within the duty of the defendant as treasurer to inquire into any mere irregularities of the proceedings of the probate court of Marion county, or to decide between the separate judgments under which the claimants insist they have the right to purchase the land in controversy.   His only duty in the premises, after the probate court had adjudged that the plain-

tiff was entitled to purchase the land, when the plaintiff tendered to him the purchase-money therefor, was to receive and give him a receipt therefor. It was not his duty to look after the interests of any other person or claimant. (Comp. Laws 1879, ch. 92, pp. 854, 855, §§ 195–199.) The acceptance of the money and the issuance of a receipt therefor cannot in any manner prejudice the rights of any other person, nor deprive such other person of any interest in the land or of any remedy to which he may be entitled. The payment to the treasurer and the issuance of a receipt therefor does not determine the ultimate right of either the plaintiff or any other claimant, and the defendant might have accepted the money from both claimants and issued receipts therefor, as each claimant is supported by a judgment of a court of competent jurisdiction. The disposition of this case in favor of the plaintiff will not determine the question of title of the land adversely to Moody, but merely enables the plaintiff to enforce hereafter, in the way of ejectment or an action to quiet title, or other valid legal proceeding, any right which he has to the premises. Perhaps plaintiff might have proceeded without the possession of the treasurer's receipt to contest with Moody the land claimed by him, but such a proceeding might lead to additional complications, and we think the course now being pursued the better one to be adopted. An action between plaintiff and Moody will decide the priority of settlement and cultivation." (Pages 521, 522.)

Under the statutes providing for the sale of school-lands priority of adjudication by the probate court carries with it no rights to priority of recognition by the county treasurer. Nor does the fact that the county treasurer has, upon presentation of a transcript from the probate court, received and receipted for an instalment of the purchase-money for school-lands preclude the treasurer from accepting an instalment of the purchase-money for the same lands from, and re-

ceipting therefor to, another who presents a proper transcript from the probate court and makes a tender of the money. The county treasurer's duties are ministerial; he can exercise no judicial powers in the premises. Defendant should have accepted plaintiff's tender of money and issued to her his receipt therefor.

A peremptory writ of mandamus will issue.

All the Justices concurring.