J. F. TRUE *et al.* V. E. E. BRANDT, *as Treasurer, etc.*
No. 14,655.   (83 Pac. 826.)

SYLLABUS BY THE COURT.

1. SCHOOL-LANDS—*Default—Void Proceedings to Forfeit Contracts—Subsequent Payments—Mandamus.*   Where proceedings were had in 1898 to forfeit school-land contracts under section 2 of chapter 161, Laws of 1879 (Gen. Stat. 1901, § 6356), which were void, and the purchasers under the contracts afterward tendered to the county treasurer payment of the principal, with interest and delinquent taxes, before any other proceedings had been begun and before the rights of third parties had intervened, upon a refusal of the treasurer to accept the payments mandamus will lie to compel him to receive the same and to issue his duplicate receipts therefor.

2. ——— *Sheriff's Return of Notice of Forfeiture.*   A sheriff's return of service of notice of forfeiture of school-land contracts which states that he "found no one in possession" of the land is not a finding or return that no one was in possession, and a forfeiture cannot be based upon such a return.

Original proceeding in mandamus.   Opinion filed December 9, 1905.   Writ allowed.

*L. C. True,* for plaintiffs.

*H. J. Harwi,* for defendant; *P. A. Moyers,* of counsel.

The opinion of the court was delivered by

PORTER, J.: This is a proceeding in mandamus to compel the treasurer of Graham county to accept the principal, interest and delinquent taxes upon certain school-land contracts, and to issue duplicate receipts therefor.   Plaintiffs move for judgment on the pleadings.

In September, 1884, the land in question (160 acres) was school-land, subject to sale, and was sold according to law to one Lyman for three dollars per acre, to be paid for one-tenth cash and the remainder on or before twenty years, with six per cent. annual inter-

est.  Lyman assigned the certificates of purchase, one for each forty acres, to plaintiffs.  The certificates and assignments were duly recorded, plaintiffs entered into possession, and made the annual interest payments until October, 1895, when they made default in the interest, which default continues to this time, unless it has been avoided by the offer of payment hereinafter mentioned.

On January 12, 1898, an attempt was made to forfeit the contracts for non-payment of interest by proceedings under section 2 of chapter 161, Laws of 1879 (Gen. Stat. 1901, § 6356).  The county clerk issued four notices, one for each forty acres, and the sheriff made a separate return upon each notice, as follows:

"Received this notice this 13th day of January, 1898, and served the same by going to the within-described land, and found no one in possession.  The within-named J. A. Kinnaman, J. F. True and G. H. Pierson cannot be found in this county.

D. C. GREENWOOD, *Sheriff.*"

Later—on January 19, 1898—the second return was made, as follows:

"Received this writ this 13th day of January, 1898. Served the same by posting a true and certified copy on the within-described land, and mailed a true and certified copy to J. F. True at Newman, Kan., and mailed a true and certified copy to G. H. Pierson at Kansas City, Mo., and posted a true and certified copy in a conspicuous place in the county clerk's office, this 19th day of January, 1898.

D. C. GREENWOOD, *Sheriff.*"

On the 21st day of September, 1905, plaintiffs tendered to defendant, as treasurer, the following sums:

| | |
|---|---:|
| Balance of principal | $432 00 |
| Interest on balance due, from date of default in 1895 | 259 20 |
| Delinquent taxes, as reported by the county treasurer | 36 42 |
| Interest on delinquent taxes to date of tender | 21 85 |
| Costs claimed by county clerk, but disputed by plaintiffs, | 2 13 |
| Taxes for 1897 to, and including, 1904, without interest, | 124 18 |
| Total | $875 78 |

Plaintiffs at the same time demanded duplicate re-

ceipts therefor, as provided in section 6376 of the General Statutes of 1901, in order that they might obtain a patent for the land. Plaintiffs stand upon the right of a purchaser of school-land deliberately to default in his payment of interest and taxes and in a measure speculate upon the rise or fall in the market value of such lands, and, in the event of a substantial increase in value thereof, to come in at any time before a valid forfeiture and redeem by paying the principal, interest, and taxes. The petition contains this language:

"Plaintiffs say that on the 21st day of September, 1905, said land not having been sold to any other party, and they desiring, notwithstanding their default, to redeem the same and secure a patent therefor, tendered and offered to pay to the defendant, as treasurer of Graham county, Kansas, the above sum of $875.78."

The answer admits everything pleaded by plaintiffs, unless it is the fact of their continued possession of the land, to which we shall hereafter refer, and sets up the attempted forfeiture proceedings in full, even to the extent of averring the irregularity of the county clerk in issuing separate notices for each forty acres instead of including in such notice "all tracts of land sold to the same purchaser," as provided in section 6356 of the General Statutes of 1901. It further avers that, relying upon the forfeiture, the board of county commissioners, with the county superintendent of schools and county clerk of Graham county, leased this land on the 7th day of October, 1902, for a period of three years from January 1, 1903, to one W. W. Coder, who "has ever since paid said rental in advance and is not now in default therein, and is in the actual and peaceable possession of said land under and by virtue of said lease." This is at least a qualified denial of plaintiffs' averment that ever since they purchased the contracts they have been in the possession of the land and improvements thereon and have never been ejected therefrom.

In the answer defendant asks that leave be given to make the lessee a party, in order that his interests may be determined. To grant this would be unavailing. The lease by its terms will expire on January 1, 1906, less than thirty days after this decision will be announced, and the lessee's interests would not warrant him in making any defense to this proceeding, even if he were a proper party here, which we do not decide.

In answer to plaintiffs' brief defendant has filed one copy of a fifteen-line brief, in which it is said: "The interests of the state permanent school fund are vitally involved. If it is the law that lapse of time and presumptive acquiescence do not avail, the defendant has no standing in this case." This concedes all the contentions of plaintiffs as to the invalidity of the forfeiture proceedings, and rests the defense entirely upon the delay and presumed acquiescence of plaintiffs; in fact, upon the authority of *Furniture Co. v. Spencer,* 59 Kan. 168, 52 Pac. 425, the service of the notice of forfeiture is void. The first return is insufficient for the reason that it states that the sheriff "found no one in possession," which is not a statement to the effect that no one was in possession. (*Knott v. Tade,* 58 Kan. 94, 48 Pac. 561; *Furniture Co. v. Spencer, supra.*) And what purports to have been done under the second return, being based upon the previous return as to possession, is void.

Before mandamus will lie to compel defendant to perform, plaintiffs must show a clear legal right in themselves and a substantial compliance with all the requirements of the law upon their part. Their rights are the rights of purchasers under the school-land contracts. They gave a bond for the payment of the purchase-price, and it is insisted that, inasmuch as the state could maintain an action upon this bond at any time within five years after its maturity, in 1904, plaintiffs should be given at least some time after 1904 to bring mandamus, which remedy in this instance amounts to an attempt to compel specific performance.

The attempted forfeiture was void, and, unless we can say that by reason of their laches and acquiescence plaintiffs are estopped, they are entitled to the writ. The lessee, Coder, went into possession of the land two years and eight months before these proceedings were begun. His possession was, of course, notice to plaintiffs of an adverse claim, and put them upon inquiry; but it can be said that had they made inquiry they would have discovered only the void proceedings, which in law bound no one. To hold that even actual notice of the void proceedings and failure to assert their claim or to tender the defaulted payments estopped plaintiffs would be to say that their rights as purchasers were forfeited by delay and acquiescence alone. The void proceedings themselves can add nothing to the laches of plaintiffs. Either the delay of plaintiffs to assert their rights must be held to work a forfeiture, or there was none; and forfeitures are discouraged instead of favored in law. (*Hansen v. Wilson,* 40 Kan. 211, 214, 19 Pac. 717.) Besides, the only way in which the state could be prejudiced is by the failure to realize the enhanced value of the land, which is a speculative consideration. It appears from the answer that the value of this land is now $1600, and it was appraised in 1884 at $480. The state, however, in addition to the one-tenth payment, received from plaintiffs the annual interest for ten years (from 1884 to 1895), amounting to $259.20, and is now offered the balance of the purchase-price, with ten years' interest, which, if accepted, would make the amount which the state receives, including taxes and interest, $1180.

To hold in a case like this, where it appears that the land has increased greatly in value, that delay alone works a forfeiture, and in a case where it should appear that the increase in value was slight or only normal no forfeiture should result, would not be sound in principle. The policy of the state has been to encourage the settlement and sale of school-lands. In

True v. Brandt.

1883 the legislature provided (Laws 1883, ch. 140) that a purchaser who was not in default might surrender his certificate and take out a new one running twenty years longer. This applied only to purchases made prior to the act. In 1903 the legislature extended this privilege to all purchasers who had made partial payments and were not in default, and also to those who, "being in default of such purchase-money and interest past due, and taxes past due upon the land, will pay up in full all such delinquent interest and taxes." (Laws 1903, ch. 477, § 1.) The act further provides that if interest has been paid for more than fifteen years the new certificates shall bear interest at four instead of six per cent. If the state is willing to grant a purchaser of school-land who has been in default a twenty-year extension upon his paying up the interest and taxes past due, it manifestly ought not to object to his paying the principal at the same time and taking his patent instead of a new contract. So the right asserted by plaintiffs is seen to be within the policy of the state in reference to the sale of school-lands, and, the forfeiture proceedings being void, we are of the opinion that upon the pleadings plaintiffs are entitled to judgment. The peremptory writ is allowed.

All the Justices concurring.