Phares v. Gleason.

---

WILLIAM PHARES *et al., Minors, etc., et al.,* v. L. C. GLEASON, *as County Treasurer, etc.*

No. 14,586. (85 Pac. 572.)

SYLLABUS BY THE COURT.

SCHOOL-LANDS—*Forfeiture of Purchaser's Contract—Defective Notice.* To effect a forfeiture of a purchase of school-land strict compliance with the requirements of the statute is necessary. Where the return of the sheriff upon a notice of default in payment fails to show that it was served upon "all persons in possession of the lands" such service is fatally defective, and a forfeiture cannot be predicated thereon.

Phares v. Gleason.

Error from Trego district court; JAMES H. REEDER, judge.  Opinion filed May 12, 1906.  Reversed.

*Herman Long,* for plaintiffs in error.

The opinion of the court was delivered by

GRAVES, J.:  This was an application to the district court of Trego county for a writ of mandamus to compel the treasurer of that county to accept the tender of past-due purchase-money on school-lands in that county, made by the plaintiffs herein.  The court granted an alternative writ, but after a trial set it aside and refused any relief.  The plaintiffs excepted, and bring the case here for review.

The facts, briefly stated, are that Isaac Bowers purchased the land and assigned his certificate to S. S. Phares, who put Martin J. Phares in possession as tenant and removed to Texas with his family, where he died.  Default in the payment of principal and interest occurred, and the then county clerk, J. W. Phares, with knowledge that S. S. Phares was dead, issued a notice of forfeiture directed to him, and delivered the same to the sheriff for service.  The sheriff made return thereof as follows:

"Received this notice this 19th day of March, 1904, and served the same by delivering a true copy of within notice to Martin J. Phares, who is in possession of said land, and by posting a true copy of said notice in a conspicuous place in the office of the county clerk of Trego county, Kansas, this 26th day of March, 1904, as the within-named S. S. Phares cannot be found in my county; and made return of this notice to the county clerk of county and state aforesaid, this 26th day of March, 1904.          T. D. HINSHAW, *Sheriff.*"

The plaintiffs are the heirs of S. S. Phares, and as soon as they heard of the forfeiture proceedings they tendered the amount then due on the land, which was refused.

The plaintiffs had, and still have, the right to pay up all principal and interest on the certificate which

may be due, and thereby reinstate the contract of purchase, unless barred by these forfeiture proceedings. It is claimed that service of the notice was insufficient, and the attempted forfeiture therefore void. The forfeiture proceedings are provided for in section 6356 of the General Statutes of 1901, which directs how notices of forfeiture shall be served, using the following language:

"The notice above provided for [which is the notice of forfeiture] shall be served by the sheriff of the county by delivering a copy thereof to such purchaser, if found in the county, also to all persons in possession of such land; and if such purchaser cannot be found, and no person is in possession of said land, then by posting the same up in a conspicuous place in the office of the county clerk."

Statutory forfeiture proceedings must be strictly followed. (*Knott v. Tade,* 58 Kan. 94, 48 Pac. 561; *Furniture Co. v. Spencer,* 59 Kan. 168, 52 Pac. 425; *True v. Brandt,* 72 Kan. 502, 83 Pac. 826.) In this case the return of the sheriff does not show that he served the notice upon all persons in possession of the land, as required by the statute. This omission is fatal to the notice. No forfeiture was effected. The attempt to forfeit the rights of the plaintiffs had no more effect than if it had not occurred.

The judgment of the district court is reversed, with direction to issue a peremptory writ requiring the county clerk to accept the offer of the plaintiffs, and to make such further orders in the case as may be necessary and proper to carry out the views expressed in this opinion.

All the Justices concurring.