GEORGE K. SPENCER v. J. E. SMITH, as *County Treasurer, etc.*

No. 14,656. (85 Pac. 573.)

SYLLABUS BY THE COURT.

1. SCHOOL-LAND — *Rights of a Purchaser in Default — Mandamus.* A purchaser of school-land who has failed to pay interest and taxes when due, but whose rights as a purchaser have not been forfeited, is entitled to the remedy of mandamus to compel the county treasurer to accept a tender of money to meet delinquencies of interest and taxes.

2. ——— *Abandonment — Equitable Interest Not Lost.* The equitable interest in school-land acquired by a purchaser under a certificate of sale is not lost by mere abandonment.

3. ——— *Forfeiture—Notice—Oral Proof Inadmissible.* A forfeiture of the rights of a purchaser of school-land is based on the written notice of default issued by the county clerk and the return of the sheriff showing the time and manner of service on file in the county clerk's office, and where these fail to show legal notice to the purchaser there is no forfeiture; and, in a proceeding to compel the treasurer to accept the money tendered by a purchaser to pay delinquent interest and taxes, oral proof offered to show that the notice was sufficient in fact, or to amend the return of service, is not admissible.

4. ——— *Sale of Land in Unorganized County.* It was competent for the officers of Trego county, on February 4, 1886, to sell school-land situated in the unorganized county of Gove, which was then attached to Trego county for judicial purposes.

Original proceeding in mandamus. Opinion filed June 9, 1906. Peremptory writ allowed.

*L. C. True,* for plaintiff.

*A. D. Gilkeson, Lee Monroe,* and *E. P. Hotchkiss,* for defendant.

The opinion of the court was delivered by

JOHNSTON, C. J.: On February 4, 1886, while Gove county was unorganized and was attached to Trego county for judicial purposes, the officers of Trego county sold to George K. Spencer a half-section of school-land at three dollars per acre. He paid one-tenth of the purchase-price in cash, and continued to pay the accruing interest on the balance until February, 1897, when he made default. No other payment was made by him, nor was there any offer of payment, either of interest or taxes, until September, 1905, when he proposed to pay the interest and taxes then due, but the county treasurer to whom tender was made declined to inform him of the amount due according to the records, or to receive payment, upon the ground that Spencer's contract rights had been forfeited and the land sold to another. It appears that in 1898 an attempt was made to forfeit the contract rights of

Spencer. Two notices of forfeiture, one for each of the quarter-sections of land purchased by Spencer, were issued by the county clerk of Gove county and placed in the hands of the sheriff for service. Within fifteen days afterward that officer returned each notice with the following indorsement:

"Received this notice this 8th day of January, 1898, and served the same by posting a certified copy in the county clerk's office, as the within-named George K. Spencer cannot be found in the county.
"January 13, 1898.        W. E. TERRILL, *Sheriff.*"

An item of fees was appended to each. The notices and returns were filed in the county clerk's office, and in pursuance of these the land was sold to a third party, who purchased with such notice and knowledge of Spencer's rights as the public records imparted. Later an assignment of the purchaser's rights was made to Arthur Stansbury, who has since paid the balance of the purchase-price and has received a patent from the state. This proceeding is brought by Spencer to compel the county treasurer of Gove county to receive payment of the defaulted interest and taxes, upon the theory that the proceedings to forfeit his rights in the land were ineffectual and void.

It is first contended that mandamus will not lie in this case, and that if the plaintiff has any remedy it is an equitable one against Stansbury, who holds under the second sale. If there has been no forfeiture of plaintiff's rights it is the official duty of the county treasurer to accept the money tendered by plaintiff, and the performance of that duty may be compelled by mandamus. A purchaser in default is entitled to relieve himself from the default by making payment and perfecting his title to the land purchased. Payments can only be made to the county treasurer, and the plaintiff is not in a position to protect his rights nor to contest with others unless the tendered payment is received. He has no other adequate remedy as against the treasurer, and a remedy which will defeat the right

to mandamus must be against the defendant and not against some third party. (*Williams v. Clayton*, 6 Utah, 86, 21 Pac. 398; *Palmer v. Stacy*, 44 Iowa, 340; 19 A. & E. Encycl. of L. 746.) The fact that there was another claimant for the land is no reason why the county treasurer should have undertaken to decide between the rights of the contending parties and refused to accept the payment. The only duty of the county treasurer in the matter was to accept payment from Spencer and give him a receipt for the amounts paid. (*Wilkie v. Howe, Treasurer*, 27 Kan. 518; *Scott v. Schwab*, 70 Kan. 306, 78 Pac. 443.)

It is further contended that the action cannot be maintained because the plaintiff's rights have been lost by abandonment. Even if it were conceded that an interest in real estate could be devested by abandonment, there is no room for that contention. The general rule is that a title to land cannot be so lost. (*Barrett v. Coal Co.*, 70 Kan. 649, 79 Pac. 150.) Whatever the general rule may be as to the loss of an equitable interest under a contract of purchase by abandonment, the policy of the state in respect to the disposition of school-land is against that theory. The statute, which expresses the state's policy, provides that a purchaser of school-land who is in default may pay the delinquent interest and taxes, and this without limitation as to the time of default or the circumstance of possession. (Laws 1903, ch. 477.) The privilege accorded by statute cannot be denied by the county treasurer, and the right of redemption remains in the purchaser until his rights are forfeited as the statute provides. Even after the notice of forfeiture is given the purchaser still has sixty days within which to make payment of the delinquent amount, and may thus prevent a forfeiture. (Gen. Stat. 1901, § 6356.)

Was there a forfeiture of plaintiff's rights? That must be determined from the notice issued and the return of service. The returns show fatal defects. No

10—74 KAN.

personal service was made, and the essentials to a con-- structive service do not legally appear. Notice can only be given by posting where the purchaser cannot be found and no one is in possession of the land. The returns of the sheriff show that Spencer could not be found in the county, but they do not show that no one was in possession of the land. The returns further fail ,to show that the notices put up in the county clerk's office were posted in a conspicuous place. The failure to observe these requirements defeats the attempted forfeiture. (*Knott v. Tade,* 58 Kan. 94, 48 Pac. 561; *Furniture Co. v. Spencer,* 59 Kan. 168, 52 Pac. 425; *True v. Brandt,* 72 Kan. 502, 83 Pac. 826; *Phares v. Gleason,* 73 Kan. 604, 85 Pac. 572.)

To avoid the effect of these omissions the defendant proposes to show that no one was in possession of the land, and also that the notices were posted in a conspicuous place in the county clerk's office. The testimony is not admissible. The basis of a forfeiture is the notice and the return of service. It rests upon written evidence of official action, and is not left to the uncertain recollection of officers who may be asked eight years afterward what steps toward a forfeiture were in fact taken. As was said in *Knott v. Tade, supra,* jurisdiction must affirmatively appear, and "the notice and the return . . . are jurisdictional." (Page 96.) These are to be found in the county clerk's office, and to them any interested party may look to determine the status of the land. An examination of the notices issued in this case, and the returns of service made thereon, would have disclosed to the purchaser as well as to the officers or a proposed purchaser that the proceedings were invalid. The jurisdiction cannot be supplied by oral proof or an attempt in this proceeding to amend the returns made in the forfeiture proceedings.

There is a final contention that the sale to plaintiff in 1886 was invalid for the reason that the land is situated in Gove county, then an unorganized county,

while it was sold by the officers of Trego county.   In the statutory provision relating to the sale of school-land there is no intimation of a reservation of the land situated in unorganized counties.   It is expressly provided that all school-land within the state may be sold in the manner therein stated.  (Laws 1876, ch. 122, art. 14, § 1.)   By the attachment of Gove county to Trego. county the former became a municipal township of the latter, with township officers and all things pertaining to the rights and privileges of a township, and subject to the same regulations and liabilities as other townships of the county.   Some exceptions are named in the act, but none of them relates to the sale of school-land. (Laws 1873, ch. 72, § 31.)   The proceeding to initiate a sale of school-land is placed upon the householders of the township in which the land is situated.   Since an unorganized county becomes a township of the organized county to which it is attached, the provisions for initiating and carrying out a sale of school-land appear to be appropriate to an unorganized county.   This appears to have been the legislative interpretation, as the legislature of 1886 amended the school-land law by adding a provision that school-land lying in an unorganized county should not thereafter be subject to sale until three years after the county shall have been organized.   (Laws 1886, ch. 150, § 1.)   This act indicates a change of policy on the part of the state with reference to the sale of school-land in unorganized counties, and proceeds on the theory that theretofore it was subject to sale the same as in the organized counties of the state.

Some other questions have been argued by counsel, but the decision reached renders them immaterial to this consideration.   The peremptory writ is allowed.

All the Justices concurring.