GEORGE F. BEATTY V. F. H. SMITH, *as County Treasurer, etc.*

No. 15,360   (90 Pac. 272.)

SYLLABUS BY THE COURT.

1. SCHOOL-LANDS—*Duty of County Treasurer to Accept Money Tendered by Delinquents.* When an assignee of an original or prior certificate of sale of school-lands tenders to the county treasurer of the county in which the land is located payment of delinquent interest on such certificate or delinquent taxes on the land it is the duty of the treasurer to receive and receipt for the money, even though such treasurer may know that forfeiture proceedings have been had to bar the rights of the certificate holder and that the lands have been resold, and may believe the second purchaser has the better right thereto.

2. ———— *Powers of County Treasurer.* In such case the treasurer has no power or right to decide between rival claimants to the land as to which has the better title. The treasurer is an executive and not a judicial officer, and has no judicial powers.

3. MANDAMUS—*Acceptance of Tender—Rights of Second Purchaser.* In a mandamus proceeding brought by the person who made the tender to compel such treasurer to accept such tender the treasurer will not be regarded as the representative of the second purchaser, and any showing he may make of the rights of the second purchaser as against the plaintiff will not be considered as a defense to the proceeding.

Original proceeding in mandamus. Opinion filed May 11, 1907. Peremptory writ allowed.

*Mulvane & Gault,* and *D. R. Hite,* for plaintiff.

*Frank Doster,* and *Langmade & Caster,* for defendant.

The opinion of the court was delivered by

SMITH, J.: This is an original proceeding in mandamus. An alternative writ was allowed on the filing of the petition, and time was given the defendant to comply with the command or to show cause for not so doing. He elected to show cause, and filed an answer in which he admits the facts as stated in the petition and states other facts which he claims justify his refusal to comply with the demands of the plaintiff. In return the plaintiff filed a motion for a peremptory writ on the ground that the facts stated in the answer did not constitute any defense to the petition. The motion is in effect a demurrer to the answer and admits the facts therein stated.

The plaintiff is the owner by assignment of several certificates of sale of tracts of school-land in Decatur county, and the defendant is the treasurer of that county. Default was made in the payment of interest due on such certificates and of taxes due on such lands, and the plaintiff tendered to the defendant, as such treasurer, payment thereof, but the treasurer refused to accept such payment. Attempts were made by the officers of Decatur county to forfeit all the rights of the plaintiff to the lands, and copies of all such proceedings are attached to the petition.

The defendant, admitting the allegations of fact set forth in the petition, pleads in answer that the lands have all been resold, and proceeds with allegations of fact which may or may not avail the new purchasers in case of litigation between them and the plaintiff.

It is said with much plausibility that if the facts exist which will enable the new purchasers to defeat the claims of the plaintiff, and the plaintiff has no right to the lands, he owes the state nothing, and if his money tendered be accepted it still would not really belong to the state; that in this proceeding, which is largely discretionary, the county treasurer ought not to be compelled to receive and be responsible for any but public moneys, or be required to keep account of and transmit the same to the state treasurer, who is not entitled to it and to whom it would also be a burden.

It might also be said that, having made his tender, it matters little to the plaintiff as affecting his rights whether his money be accepted or rejected.

There is no middle ground, however. Either the treasurer, an executive officer having no judicial power, has the right *ex parte* to examine and determine the questions of law and fact involved when one who claims a right and tenders his money which he deems necessary to protect that right—either such treasurer has the power to decide that such applicant has a right which he may protect by payment and receive the tender or to decide that the applicant has no legal right to be protected and refuse the tender, or otherwise the treasurer has no power of decision whatever.

It was held by this court twenty-five years ago, in *Wilkie v. Howe, Treasurer*, 27 Kan. 518, that a county treasurer has no power of decision in such a matter. Speaking of the duty of such a treasurer in that case, which is analogous to the case here in this regard, Mr. Chief Justice Horton said:

"It was not his [the treasurer's] duty to look after the interests of any other person or claimant. . . .

The acceptance of the money and the issuance of a receipt therefor cannot in any manner prejudice the rights of any other person, nor deprive such other person of any interest in the land or of any remedy to which he may be entitled." (Page 522.)

It was therein held that the treasurer must accept the money tendered. That decision has been cited and followed in the following cases: *Scott v. Schwab,* 70 Kan. 306, 78 Pac. 443; *Spencer v. Smith,* 74 Kan. 142, 85 Pac. 573; *Robertson v. Buck, post.*

As was said in *Robertson v. Buck, supra,* the real parties in interest are not appearing adversely to the plaintiff in this case, and any decision here made would not be *res judicata* as to them. Nor does this decision affect the right or remedy of any claimant to any portion of the lands. That the plaintiff, as an assignee of the original certificates of purchase, is in good faith asserting rights therein is abundantly proved by his tender of money in support of his claim. The plaintiff has a *prima facie* standing, and it is the duty of the treasurer to receive and receipt for the money; and any defense offered by him on behalf of other claimants whom he has no right or duty to represent will not be considered as a defense herein.

It follows that we do not consider the construction or effect of the statute of 1907 (Laws 1907, ch. 373) relating to the forfeiture of school-lands as involved in this proceeding.

The peremptory writ of mandamus will issue, as prayed for.