EUGENE M. THAYER V. ELIZA M. SCHABEN *et al.**

No. 15,719. (98 Pac. 1134.)

Error from Ness district court; CHARLES E. LOBDELL, judge. Opinion filed December 12, 1908. Affirmed.

*Sam G. Sheaffer,* and *Samuel R. Peters,* for plaintiff in error.

*Foulks & Wilson,* and *Wheeler & Switzer,* for defendants in error.

*Per Curiam:* This is an ordinary school-land case. There was a sale in 1886, default in 1897, an abandonment of the land, non-payment of taxes, notice of forfeiture in 1899, proper service but a defective return, proper posting, the record marked "canceled," a lease by the state, inquiry of the county officials by a prospective purchaser in 1905, followed by a resale, actual possession and valuable improvements. Then an assignee of the first certificates sought to reinstate and enforce the rights which originally attended them. There is no feature of the case not covered by the decision in *Burgess v. Hixon,* 75 Kan. 201, 88 Pac. 1076. The case of *Gray v. Zellmer,* 66 Kan. 514, 72 Pac. 228, has no bearing upon the controversy, because the plaintiff and his predecessors in interest by their conduct led the defendants to believe they had submitted to a forfeiture of their rights. The pleadings, being in the ordinary statutory

---

* Pending in the supreme court of the United States on a writ of error allowed May 27, 1909.

form for ejectment, permitted the introduction of evidence establishing equitable estoppel. It is not necessary to consider the constitutionality of chapter 373 of the Laws of 1907.

The judgment of the district court is affirmed.