O. W. PETERSILIE V. MARY MCLACHLIN.

No. 16,014.

SYLLABUS BY THE COURT.

1. SCHOOL-LAND — *Forfeiture* — *Evidence.* Where a new pur-
chaser of school-land who is the defendant in ejectment
seeks to show a valid forfeiture of the plaintiff's contract, and
offers parol or other testimony to supply omissions in a de-
fective return of the notice of forfeiture, the testimony, while
competent for the purpose under the provisions of section 1
of chapter 373 of the Laws of 1907, is not conclusive or
binding upon the court. Its weight and credibility are to be
passed upon the same as any other controverted fact, and a
judgment in favor of the plaintiff in such a case amounts to a
finding against the validity of the forfeiture proceedings on
the weight of evidence.

2. CONSTITUTIONAL LAW—*Legislative Declaration of the Truth
of Facts—Invasion of Province of the Judiciary—Due Process
of Law.* Section 3 of chapter 373 of the Laws of 1907, so far
as it attempts to make the posting in the office of the county
clerk of a copy of a notice of forfeiture of school-land con-
clusive evidence of proper service of such notice, is a legisla-
tive declaration of the truth of facts—an invasion of the
province of the judicial department of the government, to
which alone belongs the power to inquire whether facts upon
which rights exist are true or false. For this reason, and
because it denies to the holder of the original certificate due
process of law, it is unconstitutional and void.

Error from Ness district court; CHARLES E. LOB-
DELL, judge. Opinion filed May 8, 1909. Affirmed.

*A. S. Foulks,* and *A. W. Wilson,* for the plaintiff in
error.

*John F. Wood,* for the defendant in error.

The opinion of the court was delivered by

PORTER, J.: This was an action in ejectment, com-
menced in 1906, to recover possession of certain school-
land in Ness county, with the rents and profits. Mary
McLachlin, the plaintiff, claims title by virtue of a
school-land certificate issued in 1885. She paid the

semiannual interest thereon until 1895 and then de-
faulted, but prior to the commencement of the action
tendered to the county treasurer the interest past due.
The defendant claims as a "new purchaser" under a cer-
tificate issued February 5, 1903, and relies upon for-
feiture proceedings taken against the holder of the
original certificate. .

After the plaintiff had rested her case the defendant
sought to prove the forfeiture of plaintiff's contract,
and offered the records of the county clerk showing the
issuance of a notice of default, the return thereon being
as follows:

"Received this notice this 24th day of July, 1899,
and served the same by posting a certified copy in
county clerk's office, within-named Mary McLachlin
not found in the county. July 31, 1899, D. E. Bondu-
rant, Sheriff. By T. E. Bondurant, Under-sheriff."

The return was defective, and, under the law as it
stood prior to 1907, would have been held absolutely
void. (*Furniture Co. v. Spencer,* 59 Kan. 168; *True v.
Brandt,* 72 Kan. 502; *Spencer v. Smith,* 74 Kan. 142.)
For the purpose of supplying the omissions in the re-
turn the defendant offered the parol testimony of T. E.
Bondurant, former under-sheriff, and attempted to show
that when the notice came into his hands there was no
one in possession of the land, and that he posted a copy
of the notice in a conspicuous place in the office of the
county clerk.

The cause was tried to the court and judgment ren-
dered in favor of the plaintiff, which the defendant
seeks to reverse.

Under the provisions of section 1 of chapter 373 of
the Laws of 1907 the testimony of the officer was com-
petent for the purpose offered. (*Jones v. Hickey, ante,*
p. 109; *Reitler v. Harris, ante,* p. 148.) But it was not
conclusive or binding upon the court. Its weight and
credibility had to be passed upon, in this instance by
the court, and the judgment in favor of the plaintiff

amounts to a finding against the defendant on the weight of evidence. In other words, the testimony was not such as to satisfy the court that the service was in fact regular and valid. The proof was of the usual character—an attempt to show by the uncertain recollection of the officer, years afterward, what condition he found the land in and what he did in serving the notice. Proof of this kind is, at best, of little value. In this case the officer frankly admitted on cross-examination that he had no independent recollection of what occurred, but that his best recollection was that at the time he went to the land it was in cultivation and there was fresh plowing on it. This fell far short of proof that no one was in possession of the land. The case differs from *Burgess v. Hixon,* 75 Kan. 201, and *Thayer v. Schaben,* 79 Kan. 856, in both of which it is stated that there was proper service but a defective return. Here there was a defective return and a failure to show proper service.

While there is no specific claim in the briefs that section 3 of the act of 1907 applies to the facts of the case, the broad claim is made that under the provisions of chapter 373 of the Laws of 1907 a legal forfeiture of the original certificate was established. Petersilie claims to have made valuable improvements on the land. Assuming that his evidence shows that as a new purchaser he had improved the land, and that he now makes a claim of right under the provisions of section 3, we shall proceed to consider its provisions. It provides in substance that where notice of default has been posted in the office of the county clerk, and thereafter a forfeiture has been declared and the new purchaser has taken possession of and improved the land, the notice shall be held to be sufficient as a basis of forfeiture, "and no other notice need be shown."

As held in *Jones v. Hickey, supra,* it was competent for the legislature to alter a rule of evidence by declaring what shall be *prima facie* evidence of a fact.

But it is apparent that section 3 goes further than this. It is a legislative declaration of the truth of facts—an invasion of the province of the judicial department of the government, to which alone belongs the power to inquire whether facts upon which rights exist are true or false. It must be held unconstitutional because it denies to the holder of the original certificate due process of law, "and because wrongfully depriving the courts of the judicial power to determine the weight and sufficiency of evidence." (*Railway Co. v. Simonson,* 64 Kan. 802, syllabus. See, also, *Felix v. Wallace County,* 62 Kan. 832.)

It is everywhere conceded that the legislature may declare that a record or an instrument or a copy thereof or a fact proved shall be presumptive or *prima facie* evidence of the existence of some other fact, but where it attempts to make these evidential things conclusive it passes the bounds of legislative power and invades the province of the courts, and, in the language of the court in *Railway Co. v. Simonson, supra,* "precludes investigation into the fact, and itself determines the matter in advance of all judicial inquiry." (Page 808.) The legislature, in section 3, attempted to interfere with the power of the courts and to forbid the investigation of facts by a declaration that certain testimony or other evidential data shall be conclusive, and this is beyond the province of the legislature. The holder of the first certificate is thus deprived of the right to prove the actual facts as they exist, and his property is transferred by a legislative act to another. That this is not due process of law is so clear as not to require argument. In *Felix v. Wallace County, supra,* Mr. Justice Smith, speaking for the court, said:

"The legislature can not be allowed to thrust its arbitrary declarations into such adversary proceedings and decide which party should prevail. It is without power to substitute its judgment in a disputed matter for that of a court engaged in the work of administering justice by orderly methods, after discovering the

truth by hearing evidence on both sides admitted according to legal rules." (Page 838.)

In the seventh edition of Cooley's Constitutional Limitations, at page 526, the author says:

"But there are fixed bounds to the power of the legislature over this subject which can not be exceeded, . . . but it has no power to establish rules which, under pretense of regulating the presentation of evidence, go so far as altogether to preclude a party from exhibiting his rights. . . . In judicial investigations the law of the land requires an opportunity for a trial; and there can be no trial if only one party is suffered to produce his proofs."

Among numerous authorities to the same effect are: *Johns v. The State,* 104 Ind. 557; *B'd of Comm'rs of Excise, etc., v. Merchant,* 103 N. Y. 143; *State v. Beach,* 147 Ind. 74; *Baltimore, etc., R. Co. v. Reed,* 158 Ind. 25; *Board of Comm'rs of Howard Co. v. State, ex rel. Michener, Att'y Gen'l,* 120 Ind. 282; *Vega Steamship Co. v. Consolidated Elevator Co.,* 75 Minn. 308; 2 Wig. Ev. § 1354.

It follows that for the reasons stated section 3 of the act is unconstitutional and void.

The present case is to some extent the reverse of *Jones v. Hickey, ante,* p. 109. There the plaintiff, who was the first purchaser, after proving a *prima facie* case for himself, went further and offered the record of the forfeiture proceedings, relying upon their invalidity because of a defect in the return, but his own evidence supplied the omission in the recitals of the return, and, under the provisions of the act of 1907, we held that he had established a *prima facie* showing of a valid forfeiture which defeated his right to recover. In this case the defendant simply failed in his attempt to satisfy the court that there was proper service of the notice of the forfeiture proceedings.

The judgment is affirmed.