EUGENE M. THAYER, *Plaintiff*, v. W. E. DAVIS, *as State Auditor, etc., Defendant.*

No. 17,646.

SYLLABUS BY THE COURT.

MANDAMUS—*Sale of School Lands—Forfeiture—Res Judicata.* The holder of the original certificates of purchase of school lands was defeated in an action of ejectment against a subsequent purchaser on the ground that he was estopped to assert against her the invalidity of proceedings brought by the state to forfeit his contracts. Thereafter the subsequent purchaser's rights to the lands were forfeited. In an action of mandamus by the original purchaser, who has paid the amount due upon his purchase, to compel the state auditor to issue certificates entitling him to patents for the lands, *held,* that the former judgment in ejectment is no defense to the action and that plaintiff is entitled to the writ.

Original proceeding in mandamus. Opinion filed February 10, 1912. Peremptory writ allowed.

*A. M. Harvey,* and *J. E. Addington,* for the plaintiff.

*John S. Dawson,* attorney-general, and *S. N. Hawkes,* assistant attorney-general, for the defendant.

The opinion of the court was delivered by

PORTER, J.: This is an original action in mandamus to compel the defendant as state auditor to make the proper certificate to the governor so that patents may issue to certain school lands.

The lands consist of the northeast quarter, the southeast quarter, and the southwest quarter of section 16, township 19, range 10 west, in Ness county, originally purchased from the state in 1886 by three settlers thereon who sold and transferred their rights to Eugene M. Thayer on May 7, 1887. Thayer paid the annual interest upon the contracts and all taxes due the state for the years 1887 to 1897, inclusive. He then defaulted in payments of interest and taxes. In July, 1899, the county clerk issued a notice of forfeiture to

Thayer upon which the sheriff's return was so defective that under the law as it then stood the attempted forfeiture which followed sixty days thereafter was void. (*Furniture Co. v. Spencer,* 59 Kan. 168, 52 Pac. 125; *Spencer v. Smith,* 74 Kan. 142, 85 Pac. 573.) The county clerk, however, on October 4, 1899, marked the sale record of school lands kept by him relating to each of these quarter sections as follows: "Canceled for non-payment of interest, 10/4/99." Thayer is a non-resident of the state and resides in the state of Illinois, and had no actual knowledge or notice of the attempted forfeiture of his contracts for the purchase of these lands. On July 24, 1906, the county clerk, whose attention had doubtless been directed to the defective return of the sheriff to the notices of forfeiture, issued new notices addressed to Thayer, requiring him to pay up all back interest and taxes within sixty days from that date. This notice reached Thayer, and on September 8, 1906, within the time stated, and in response to such notice, he paid up all back interest, amounting to the sum of $743.58, and all taxes due the state, amounting to the sum of $306.88, and the county treasurer wrote across the entry of the former cancellation the following:

"This cancellation was reopened by request of William Schaben and his attorney, J. F. Wood. Notice of delinquent Int. being issued 7-24-06, E. M. Thayer paying all back interest and taxes to and including year 1905. Paid Sept. 8, 1906."

Under an act of the legislature of 1903, providing that any purchaser in default of interest may pay up all back interest and taxes and secure a renewal certificate, Thayer was given renewal certificates of purchase for each of the three quarter sections on September 8, 1906, when he paid in response to the second notice.

In September, 1905, Eliza M. Schaben, relying upon the forfeiture proceedings of 1899, purchased and se-

Thayer v. Davis.

cured from the state school-land certificates for all three
of the quarters, and has been in the possession of the
same ever since and has made lasting and valuable im-
provements thereon.  Mrs. Schaben is the wife of
William Schaben, at whose request the cancellation at-
tempted in October, 1899, was reopened July 24, 1906.

On April 3, 1907, Thayer brought an action of eject-
ment against Mrs. Schaben to recover the lands.  The
district court held, following *Burgess v. Hixon,* 75 Kan.
201, 88 Pac. 1976, that he was estopped to claim as
against Mrs. Schaben that the forfeiture proceedings
of 1899 were invalid and gave judgment in favor of
Mrs. Schaben, which was affirmed. (*Thayer v. Schaben,*
79 Kan. 856, 98 Pac. 1134.)

The legislature of 1909 revised the entire law re-
lating to the forfeiture of school-land contracts, and by
an act which took effect March 8, 1909, provided:

"Any purchaser of school lands who shall fail within
ten months after the taking effect of this act to make
any payment of interest or principal due and unpaid at
the time this act takes effect shall forfeit all right, title
and interest in and to such land by virtue of such pur-
chase, and the same shall at the expiration of such ten-
months period be open to settlement and purchase.
. . . Such defaulting purchaser shall at the ex-
piration of such ten-months period be considered a
trespasser on such land, if a resident thereon, and
ejectment proceedings may be brought against such de-
faulting purchaser by the county attorney or the at-
torney-general on behalf of the state or by any *bona
fide* settler or purchaser of such land." (Laws 1909,
ch. 218, § 12, Gen. Stat. 1909, § 7657.)

On March 11, 1911, Mr. Thayer paid to the treasurer
of Ness county the full amount of the purchase money
remaining due to the state upon his renewal certificates,
with interest to date, and all taxes upon the three quarter
sections, including the taxes for a number of years dur-
ing which the lands were not on the tax rolls.  The
several payments made by him are shown in the follow-
ing statement; the first three items of $750 each were

paid to the original purchasers; all the other items were
paid to the state.

| | |
|---|---|
| May 7, 1887, paid on account of purchase price northeast quarter section .................... | $750.00 |
| May 7, 1887, paid on account of purchase price southeast quarter section ..................... | 750.00 |
| May 7, 1887, paid on account of purchase price southwest quarter section ..................... | 750.00 |
| Interest paid from November, 1887, to November, 1897, inclusive, on the three quarter sections.... | 908.82 |
| Taxes paid on the three quarter sections for the years 1887 to 1897, inclusive ....:.......... | 236.76 |
| September 8, 1906, paid on account of interest on the three quarter sections .................... | 743.58 |
| September 8, 1906, paid on account of taxes..:.... | 306.88 |
| Interest paid from September 8, 1906, to September 6, 1910 ....................................... | 220.32 |
| Taxes paid for the years 1907 to 1910............. | 49.77 |
| March 13, 1911, amount paid for balance of purchase price of the three quarter sections ............. | 1,377.00 |
| March 13, 1911, paid on account of interest to date.. | 28.31 |
| March 14, 1911, paid for taxes up to date.......... | 114.03 |
| Total .................................. | $6,262.47 |

On March 14, 1911, Thayer presented to the state
auditor the certified receipts and demanded the cer-
tificates from the auditor which would upon pre-
sentation to the governor entitle him to patents for
the lands.

The state auditor in his return to the alternative writ
sets forth the facts with relation to the Schaben title
and pleads the judgment in her favor in the ejectment
action as binding and conclusive upon Thayer, and
grounds his refusal to issue the certificate upon the
claim that the lands belong to Mrs. Schaben, and that
when she makes final payment the state will be obliged
to issue patents to her.

It appears, however, that under the law of 1909, Mrs.
Schaben has forfeited her rights in the lands by the
failure for more than ten months to pay interest which
was in default on March 8, 1909, when the act took
effect. This action in mandamus was commenced May

8, 1911.  On May 27, 1911, and again on September 1, 1911, the state accepted payment of defaulted interest from Mrs. Schaben, but it is contended by the plaintiff that these payments having been accepted after this action was commenced can not defeat the plaintiff's right to the writ.  The judgment in the ejectment action is conclusive only of the rights of the parties at the time.  It determined merely that when the action was commenced Mrs. Schaben had a paramount right to the lands as against Thayer, and that the latter was estopped only as to Mrs. Schaben to claim that the forfeiture proceedings of 1899 were defective and void. (*Duffey v. Rafferty,* 15 Kan. 9; *Simpson v. Boring,* 16 Kan. 248; *A. T. & S. F. Rld. Co. v. Rockwood,* 25 Kan. 292, 302; *A. T. & S. F. Rld. Co. v. Pracht,* 30 Kan. 66, 71, 1 Pac. 319; *Hollenback v. Ess,* 31 Kan. 87, 88, 1 Pac. 275.)

As between Thayer and the state the former judgment in ejectment is no defense to his right to have his patents issue.  On September 8, 1896, when the state issued renewal certificates to Thayer the forfeiture proceedings were void on their face, and as the law then stood evidence could not be received for the purpose of showing that in fact they were not void. (*Furniture Co. v. Spencer,* 59 Kan. 168, 52 Pac. 425; *Spencer v. Smith,* 74 Kan. 142, 145, 85 Pac. 573, and cases cited.)  By issuing new notices of default and by accepting payment of interest and taxes due, the state waived the default.  The statute then in force expressly permitted a purchaser of school lands who was in default to pay up all back interest and taxes and receive renewal certificates.  The only person who could raise any objection to his rights under the renewal certificates of purchase was Mrs. Schaben; and she could object solely on the ground that he was estopped as to her from asserting any rights to the lands by his conduct in remaining so long in default, and by permitting her to purchase in the belief that he had

abandoned his rights under his original certificates. (*Burgess v. Hixon,* 75 Kan. 201, 88 Pac. 1076.)

The judgment against Thayer in ejectment did not prevent him from afterwards asserting his right to patents from the state, if in the meantime the only person whose rights in the lands prevented him from so doing lost her own rights in the lands. By her failure for ten months after March 8, 1909, to pay the interest due on that date upon her contract Mrs. Schaben became a mere trespasser and estopped as against Thayer and all other persons to assert any claim of title.

It is a familiar principle that "estoppel against estoppel sets the matter at large." (16 Cyc. 719.) But whether she be regarded as estopped to assert any claim as against Thayer, the statute of 1909 expressly gives to a *bona fide* purchaser the right to maintain an action of ejectment against her to recover the lands. After this action was begun the state could not by accepting from Mrs. Schaben payments of defaulted interest reinstate her rights in the lands as against Thayer any more than the state in 1906, by accepting defaulted interest from Thayer could affect the rights Mrs. Schaben had acquired in 1905.

There is no force in the claim that the act of 1909 is void for the reason that it violates the obligations of the contract between the state and Mrs. Schaben. The law formerly was that the failure to pay interest when due *ipso facto* worked a forfeiture (*The State v. Emmert,* 19 Kan. 546; *Ewing v. Baldwin,* 24 Kan. 82) and the right of the purchaser instantly and absolutely ceased. The legislature amended the law in 1903, providing that any purchaser in default might pay up and take renewal certificates (Laws 1903, ch. 477, § 1, Gen. Stat. 1909, § 7665); but it possessed the power at any time to shorten the period which would be granted to delinquent purchasers, and so long as it allowed a reasonable time in which to make payments before

declaring an absolute forfeiture it violated no obligation of the contract.

It follows from what has been said that Thayer is entitled to his patents. It is deemed proper to add, in view of the protracted litigation over the lands in controversy, that while Thayer is entitled to the lands, Mrs. Schaben has an equitable and just claim against the state for reimbursement for the payments she has made as principal and interest upon her certificates, sums which are unjustly held by the school fund of the state. It will, however, require an act of the legislature to authorize such repayment to be made.

The peremptory writ is allowed.