### THE STATE OF KANSAS v. HENRY H. BUDGETT.

1. SCHOOL LAND — *No Vested Right, When.* Settlement and improvement upon school lands under the provisions of § 4, art. 14, ch. 122, Laws of 1876, with a view to purchase the same for the appraised value thereof, exclusive of the value of the improvements, do not confer a vested right in the land so settled upon.

2. INCHOATE RIGHT, *Nature of.* This inchoate right, if the settler be otherwise qualified, gives the occupant a privilege or preference as against the purchase of the land by others, but confers no legal or equitable right against the state.

3. SCHOOL LAND — *Compliance with Statute before Purchase.* Where a person, six days before ch. 152, Laws of 1886, was approved, settled upon and improved a quarter-section of school land, by constructing a sod house and breaking five acres, and two months after said chapter 152 took effect, filed his petition setting forth that he had fully complied with the provisions of art. 14, ch. 122, Laws of 1876, and asking under the provisions of that act to purchase at its appraised value, exclusive of the value of the improvements, the land so settled upon by him, *held,* that before the petitioner is entitled to purchase the land at its appraised value, he must comply with all the prerequisites of said ch. 152 — that law being the one in force at the time he presented his petition to the probate court.

#### *Error from Meade District Court.*

THE defendant in error, *Budgett,* on February 13th, 1886, being a citizen of the United States and of the state of Kansas, made actual settlement upon, and improved thereafter the southeast quarter of section thirty-six, township thirty-two, range twenty-nine, west, in Meade county, and resided continuously thereon until the 13th day of April, 1886. The improvements made by him were appraised in the manner prescribed by law, at two hundred dollars. On the 13th of April Budgett made application to the probate judge of that county to purchase the land described, under and by virtue of the statute of 1876 relating thereto. The county superintendent of public instruction objected to the sale, for the reason, among others, that the petitioner had not resided thereon six months, and that he had previously purchased school land to the amount

of one quarter-section. The probate judge decided against Budgett, who appealed to the district court, and upon the trial there, on April 20, 1886, judgment was rendered in his favor. This judgment *The State* brings here for reversal.

*Samuel Lawrence*, county attorney, and *S. B. Bradford*, attorney general, for The State.

*Webb & Spencer*, for defendant in error.

The opinion of the court was delivered by

. HORTON, C. J.: On April 13, 1886, Budgett filed his petition before the probate judge of Meade county — a county organized November 4, 1884 — to purchase a quarter-section of land in that county, under the provisions of article 14, ch. 122, Laws of 1876.

It appears in the record that when Budgett filed his petition, he had resided upon the land only two months, and that prior to filing his petition he had taken a quarter-section of school land under the provisions of the act of 1876. On February 19, 1886, ch. 152 of the Laws of 1886 took effect. This act amended § 4 of article 14, ch. 122 of the Laws of 1876, and required the petitioner, before being permitted to purchase school land at the appraised value thereof, to have settled and actually resided upon the land continuously for the period of six months. The act further provides —

"That any person who has purchased school land to the amount of one quarter-section under the provisions of the act of which this act is amendatory, or who may hereafter purchase school land to the amount of one quarter-section under the provisions of this act, shall not again be permitted to purchase school land under the provisions of this act."

Budgett claims the land in controversy upon his compliance with the provisions of the law as it stood at the time of his settlement; this upon the theory that he obtained a vested right by this settlement and improvements prior to the passage of ch. 152, Laws of 1886.

The trial court decided that the amendment of ch. 122, Laws of 1876, by the legislature of 1886, did not affect the

petitioner. In this view we cannot concur. The settlement of Budgett was made only six days before the act of 1886 was approved. His petition, stating that he had settled upon and improved the land, was filed nearly two months after the act of 1886 took effect. Mere settlement and improvement of school land give no vested right, as against the subsequent legislation of the legislature. Such settlement and improvement, if the petitioner is otherwise qualified, give him a privilege or preference as against the purchase by others, but confer no right against the state. (*Wilkie v. Howe*, 27 Kas. 521; *The State v. Stringfellow*, 2 id. 263; *Frisbie v. Whitney*, 9 Wall. 187; *People v. Shearer*, 30 Cal. 645; *Phelps v. Kellogg*, 15 Ill. 131; *Company v. Bryan*, 8 Smed. & M. 234.)

The only way of making the lands granted by the congress of the United States to the state for school purposes available, is by their sale. To accomplish this, certain rules and regulations are necessary. The people, who are the beneficiaries, acting through their legislature, adopted certain terms for the purchase of these school lands in the act of 1876, but these terms have been changed by the act of 1886. Budgett paid no money, nor tendered any money for the land he now claims, prior to the passage of the act of 1886, and he filed no petition to purchase the land until after the act was in full force. He has never received any receipt or certificate of purchase, and his claim rests solely upon his settlement and improvements on the land, consisting of a sod house and five acres of breaking. There is nothing in these acts of his to confer a vested right, or any kind of claim to the land, against the state. If he wishes to purchase the land settled upon by him. for the appraised value thereof, exclusive of the value of the improvements, he must comply with all the prerequisites of the law in force at the time he presents his petition to the probate court.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.