No. 19,378.

W. W. MUSICK, *Appellee*, v. A. R. ENOS, *Appellant.*

SYLLABUS BY THE COURT.

1. ASSAULT AND BATTERY—*Measure of Damages—No Prejudicial Error in Instructions.* In an action for damages for assault and battery the court inadvertently stated that in such cases damages may be allowed for loss of time occasioned by the physical injuries sustained and for the expense of treating and curing such injuries when there was no claim for nor proof of such damages. The actual damages allowed were fully sustained by the evidence. *Held*, it will not be assumed that the jury allowed damages not claimed and not proven, and prejudicial error in giving the instruction does not appear.

2. SAME—*Verdict and Judgment Sustained.* Criticisms of the proceedings examined and held to be without sufficient merit to affect the soundness of the verdict and judgment.

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion filed May 8, 1915. Affirmed.

*W. A. S. Bird,* of Topeka, and *D. W. Wheeler,* of Marion, for the appellant.

*W. H. Carpenter,* of Marion, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for willful and malicious assault and battery. The defendant countered by claiming damages for an assault and battery upon him committed on the occasion referred to in the petition. The plaintiff recovered and the defendant appeals.

Complaint is made that the court refused to strike from the petition a statement that prior to the time of the beating the defendant maliciously menaced the peace and security of the plaintiff by threats, etc. The allegation tended to show malice, malice was provable as an element of the plaintiff's cause of action, and consequently the allegation was not irrelevant or redundant.

Complaint is made that evidence was improperly admitted. A portion of this evidence tended to prove differences between the parties and malevolence on the part of the defendant toward the plaintiff. It was admissible. A physician in describing the plaintiff's condition after the battery said he did not look natural, a trivial matter because the physician proceeded to describe the plaintiff's appearance. The physician expressed the opinion that the appearance described could have been caused by a beating. This was proper testimony. The record of a plea of guilty by the defendant to a criminal charge for the same assault was properly received in evidence as an admission. A question to

counsel by the court as to the nature of the evidence about to be offered when the record was presented is not open to the very strained interpretation the defendant places upon it. The testimony of a witness that he saw a pool of blood in the sand beside the walk at the place where the encounter occurred was proper for what it was worth. The witness did not claim to know what caused the pool. The bias or prejudice of this witness was a matter for the jury to take into consideration.

Complaint is made of the exclusion of evidence none of which was presented to the trial court at the hearing on the motion for a new trial as the statute requires.

It is said that the cross-examination of the plaintiff was unduly restricted. What the defendant desired to do was to show statements made by the plaintiff in conversations with a minister of the Brethren church and others who were endeavoring to effect a settlement of the trouble between the plaintiff and the defendant. The statements were not admissible.

It is said that the cross-examination of the defendant was unduly extended to include other quarrels and fights in which he had participated. The limited purpose for which this evidence was admitted was explained to the jury in the instructions. In a murder case decided at this session of the court it was held that the same kind of evidence was properly admitted.

Complaint is made of an instruction relating to the measure of damages. The court inadvertently stated that in cases of this character damages may be allowed for loss of time occasioned by the physical injuries sustained and for the expense of treating and curing such injuries, when there was no claim for nor proof of such damages. The presumption is the jury decided the case on the evidence and did not award damages for something for which there was no claim and no proof. Actual damages and punitive damages were stated separately in special findings. The actual damages al-

lowed were fully warranted by the plaintiff's evidence. It devolves upon the defendant to show not merely error but prejudicial error. This he fails to do.

Except for the matter just referred to the jury were fully and correctly advised as to the law governing the case. No error was committed in refusing various instructions requested by the defendant.

The judgment of the district court is affirmed.