Wilson v. Zutavern.

No. 20,218.

O. R. WILSON, *Appellant,* v. FRED ZUTAVERN et al., *Appellees.*

SYLLABUS BY THE COURT.

ISLAND LANDS—*Settlement thereon—Proceedings to Purchase—Failure to Comply with Statute—Proceedings Dismissed.* The dismissal of proceedings brought for the purchase of a tract claimed to constitute island land belonging to the state, held to have been justified by the plaintiff's failure to comply with the statute upon which they were based.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion filed June 10, 1916. Affirmed.

*Carr W. Taylor,* of Hutchinson, and *Clyde Allphin,* of Great Bend, for the appellant.

*William Osmond,* and *Elrick C. Cole,* both of Great Bend, for the appellees.

The opinion of the court was delivered by

MASON, J.: O. R. Wilson instituted proceedings for the purchase from the state of a tract of land claimed by him to have been originally an island in the Arkansas river. The district court, on the motion of other claimants, dismissed the case upon the ground that he had failed to comply with the statute. He appeals.

The plaintiff settled upon the land on August 23, 1912, and filed an affidavit of such settlement with the county clerk. At that time all islands in navigable streams were open to settlement as school land under the ordinary procedure, no steps being required peculiar to this character of cases. (Gen. Stat. 1909, §§ 7646-7658, 8202.) He remained continuously in possession, but took no further action in the matter until after the enactment of a new law, which left open to settlement only

such tracts as had been actual islands within twenty years, and contained these provisions:

"Any person who has heretofore settled upon any such island or any part thereof, under the provisions of the said act to which this is amendatory, but who has not made proof and received a patent therefor from the state of Kansas, or any person who may hereafter settle upon any such island or any part thereof, under the provisions of this act, shall at his own expense have an accurate survey of the lands intended to be appropriated by him under such settlement, made by the county surveyor of the county in which such land is situated, a plat of which said survey, together with a statement by the said survey of all relevant facts as to the character of the soil, the boundaries and location of said tract, and the nature and flow of the water in the stream which surrounds the same, and a voucher that the fees of such surveyor have been paid, which shall be filed with the affidavit of settlement, with the county clerk of the county in which said land is situated.

"Any person who has heretofore settled, or shall hereafter settle upon any such island or a part thereof, for the purpose of purchasing the same as school land, shall within four months after such locating and settlement, or within four months after the taking effect of this act, present his or her affidavit of such settlement, and the plat or survey, and statement and receipt of the county surveyor as provided in section 1 hereof, to the county clerk of the county in which such island is situated, and shall at the same time furnish a bond running to the state of Kansas, signed by one or more sufficient sureties to be approved by the said county clerk, conditioned that such settler shall pay all costs and damages that may be awarded against him or her in any of the subsequent proceedings relating thereto, in case it shall be finally determined that such claimant was not entitled to purchase such tract as school land." (Laws 1913, ch. 295, §§ 1, 2.)

On October 22, 1913, the plaintiff filed a new affidavit, alleging a settlement on that day, with a plat of a survey made in September, 1912, by the county surveyor, who in the meantime had ceased to hold that office. On February 18, 1914, he filed a bond. The provision of the statute that one who had already settled upon island land for the purpose of purchasing it should file his affidavit, plat and bond within four months from the date of its enactment was not complied with. The plaintiff's theory is that so long as he invoked no benefit from his earlier occupation he had a right to consider his settlement as beginning at any time he should see fit to designate. Such an interpretation would defeat one of the apparent purposes of the act—the early determination of the title to land already settled on. It would also leave the occupant in a position to

postpone at his pleasure the commencement of the four-months period of limitation, provided he exercised sufficient watchfulness to prevent some later settler from making an earlier filing. Whether the delay in acting under the new statute would of itself have been fatal need not be determined, for its provisions were in other respects ignored.

The land claimed by the plaintiff was described in his affidavit merely as "Island land adjacent to Sections number 34, 35 and 36," in a designated township. The plat which he filed was a map of the portion of these sections lying north of the river, indicating the location of the bank as shown by the government survey, and also as it existed in September, 1912, some distance to the south. The survey on which it was based was made prior to the passage of the statute requiring it, and a year before the time relied upon as that of the settlement, by one who had at that time ceased to be the county surveyor. No attempt was made to comply with the provision of the statute requiring "a statement by the said surveyor of all relevant facts as to the character of the soil, the boundaries and location of said tract, and the nature and flow of the water in the stream which surrounds the same." (§ 1.) The obvious purpose of the legislature in making this requirement was that the county surveyor should give all the information obtainable by an inspection at the time of the survey that would help to determine whether an island existed at the point of settlement, or had existed within twenty years prior to the enactment, and if so, its position and size. The plat merely showed the location of the river in 1912, without undertaking to distinguish the tract occupied by the settler from any other part of the mainland. The line indicating the former position of the bank did not signify that traces were still visible showing that the river bed had at one time extended that far to the north. Its location was determined by the distance of the river at various points from the east and west section line, as recorded by the government surveyors. Nothing in the documents filed by the plaintiff showed the extent of the tract to which he made claim, unless upon a presumption that he regarded as "island land" all that lay between the original banks of the stream, including accretions to the mainland. We conclude that the steps taken

fell so far short of a compliance with the terms of the statute, which alone gave the plaintiff any standing in court, as to justify the order of dismissal.

The judgment is affirmed.