No. 20,555.

ROBERT T. JENSEN, *Appellant*, v. E. G. FINNUP and WILLIAM WONN, *Appellees.*

#### SYLLABUS BY THE COURT.

SCHOOL LANDS—*Island Lands—Settlement Thereon — Preliminary Proceedings to Acquire Title Fatally Defective.* In a proceeding by a settler under chapter 295 of the Laws of 1913 to acquire title to a tract of island land the survey which he caused to be made, the affidavit of settlement which he filed and the notice of the proceeding given by the county clerk described land other than that settled upon and which constituted no part of an island, and no statement was made by the surveyor as to the nature and flow of the water in the stream which surrounds the lands sought to be appropriated. *Held,* that the noncompliance of the settler with the statutory requirements justified the court in dismissing the proceeding.

Appeal from Kearny district court; GEORGE J. DOWNER, judge. Opinion filed May 12, 1917. Affirmed.

*Edgar Foster,* of Dodge City, for the appellant.

*E. R. Thorpe,* of Lakin, *William H. Thompson,* and *Fred Robertson,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Robert T. Jensen settled upon what he designated as island land and undertook to acquire title to it as school land under the provisions of chapter 295 of the Laws of 1913. He had a survey made, but the field notes and report of the survey did not describe the land upon which settlement had been made. In his affidavit of settlement he described the land as it had been described in the field notes of the surveyor which he filed with the affidavit. A bond was given by Jensen conditioned that he would pay costs and damages which might be awarded against him, and in it the land was erroneously described. A notice was published by the county clerk describing land which had not been settled upon and which formed a part of the land originally surveyed by the government and never had been island land. E. G. Finnup and William Wonn subsequently filed a protest, alleging among other things that

they were the owners of the land claimed by Jensen and that the state had no interest in it. They further alleged that the land had never been an island, but was contained within the original government survey, and they further alleged that if any part of it was not so included it had become a part of their land by reason of relictions and accretions along the south bank of the river. The case was then certified to the district court on appeal, and when called for trial the fact was brought out that the land which Jensen was claiming in his settlement had not been described in his affidavit of settlement nor in the notes of the survey filed with it, nor even in the publication notice required by statute. The land described in these preliminary papers, upon which the proceeding was founded, described a tract of land some distance away from the river and constituted a part of the original government survey and was confessedly not open to settlement as school land. Jensen then, as plaintiff, asked leave to amend the field notes of the survey and the inaccurate description, but the court denied the application, and on motion of defendants dismissed the proceeding. This was done on the ground that the failure to describe the land in the notice and other papers rendered the proceeding invalid and deprived the court of jurisdiction and power to proceed further.

The proceeding is statutory, and the steps by which a settler might acquire school land were prescribed by the legislature in chapter 295 of the Laws of 1913, which was in force when this proceeding was begun but which was repealed by chapter 322 of the Laws of 1915. Under the act the settler might acquire land as against a protestant who claimed an interest in it or as against the state. Proceedings of this character are viewed with some strictness, and any one initiating a proceeding must closely conform to the statutory requirements. The statute required that an accurate survey be made, that the surveyor state the facts relating to the boundaries and location of the land, the character of the soil and the nature and flow of the water in the stream surrounding the land, and that the plat and statement be filed with the affidavit of settlement. Instead of describing island land which the plaintiff calimed, the surveyor gave the boundaries and location of a tract of land some distance from the river. The publication notice as well as the personal notices, which are jurisdictional and very essential

Jensen v. Finnup.

steps in a proceeding of this character, did not even mention the land sought to be appropriated. While the plat filed covered the tract claimed by plaintiff it was nullified by the particular description given in the survey, affidavit and notice. There was no attempt to comply with the provision requiring a statement as to the nature and flow of the water in the stream around the land. In fact, the land which was described was not near the river and had never been surrounded by the water of the stream. The failure to describe the land sought to be acquired in the survey and affidavit, the fact that it was not mentioned or described in the notices required by the statute, and the absence of any statement as to the nature and flow of the water in the stream surrounding the land was so wide a departure from the statutory requirements as to render the proceeding absolutely void. (*Wilson v. Zutavern*, 98 Kan. 315, 158 Pac 231.) It is a general rule that proceedings of this character must follow with some strictness the steps prescribed by the statute and noncompliance with the requirements avoids the proceeding. (*Comm'rs of Wabaunsee Co. v. Muhlenbacker*, 18 Kan. 129; *The State v. Budgett*, 35 Kan. 600, 11 Pac. 910; *Furniture Co. v. Spencer*, 59 Kan. 168, 52 Pac. 425.)

The contention that the defendants waived or cured the invalidity by their appearance or protest can not be upheld. There was an appearance by the defendants which gave the court jurisdiction of their persons, but personal appearance in court did not supply the statutory steps which were essential to be taken before the case reached the court. The initiatory proceedings were fatally defective, not open to amendment in court, and no error was committed in dismissing the proceedings.

Judgment affirmed.