No. 21,001.

W. H. BRENNEMAN, *Appellee*, v. OLIVE S. FLEMING, *Appellant*.

SYLLABUS BY THE COURT.

1. ISLAND LANDS — *Settlement Thereon.* The evidence examined and found to support the findings touching the existence of an island and the settlement thereon by the plaintiff.

2. SAME—*Findings—Defining Boundaries.* The failure of the jury to define the boundaries of the island, in controversy, including additions by accretions or relictions, as directed by the instructions, in view of the evidence and the situation presented by the record, held not to constitute substantially prejudicial error.

Appeal from Gray district court; LITTLETON M. DAY, judge. Opinion filed July 7, 1917. Affirmed.

*W. N. Smelser*, of Emporia, and *Harry Brice*, of Cimarron, for the appellant.

*W. C. Pearce*, of Garden City, and *Edgar Foster*, of Dodge City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff, claiming to have made settlement upon an island in the Arkansas river, made and filed affidavit, gave bond and notice, and the defendant filed her protest, alleging that she was the owner of the land in question.

The court submitted three questions to the jury, two of which they answered to the effect that the land was an island and that the plaintiff had settled thereon.

It is complained that the testimony did not show the existence of an island, but this complaint is not supported by the record.

It is also urged that the plaintiff did not show a *bona fide* residence for six months, but this is not a proceeding for which final proof is required; simply one to establish the plaintiff's right to purchase under chapter 295 of the Laws of 1913, and there was evidence to support the contention that the plaintiff had in fact settled on the land.

Question number two required the jury to define the boundaries of the island, including additions thereto by accretion or reliction, if any, and this was the answer:

"Accretions have been added to said island and same extend to the lowest lands, immediately south of or adjacent to the north bank of the old river channel, near the meander line as shown by the original government survey."

Counsel claim that the only evidence the jury could consider as a basis for this answer was that of the deputy county surveyor, which they assert did not show whether the accretions were to the island or to the mainland. The counter-abstract shows considerable testimony, however, touching the question of accretions by other witnesses who had seen and examined the premises.

The defendant's brief presents but the two propositions:

"First, that appellee is not a settler upon the island or land in question, and the court below erred in overruling appellant's demurrer to plaintiff's evidence; second, that the answer to question number two submitted to the jury, is vague, indefinite, and is not a full and complete answer to the question submitted."

The demurrer to the evidence was on the ground that the plaintiff "failed to show settlement or to show that there was an island there, or that there was any accretion made to the island or mainland, or where it started or where it finished, and that under the law he had to show that." The plat received in evidence over objection tended at least, along with the explanation made by the deputy surveyor on the stand and the testimony of other witnesses, to show the boundaries and

accretions, and is a somewhat better attempt at compliance with the statute than the plat considered in *Wilson v. Zutavern*, 98 Kan. 315, 158 Pac. 231. Hence there was enough evidence to take the case to the jury, who were thereby afforded some basis for finding in favor of the plaintiff.

No request was made to require a better answer to question number two. The failure of the jury to define the boundaries and accretions in accordance with the instructions was permitted to go unchallenged at the time. The descriptions found in the notice, bond, protest, instructions and journal entry are substantially the same, from which it would seem that the parties understood what particular land constituted the subject of their litigation. It is impossible to see how this understanding or the rights of the defendant could have been aided by a more full and definite answer by the jury to the question propounded to them.

In view of the evidence and the situation presented by the record, the failure of the jury to give a better answer did not constitute error materially prejudicial to the defendant.

The judgment is affirmed.