Zimmerman, J'.,
 

 dissenting. I concur in all paragraphs of the syllabus, excepting proposition 3, dissenting therefrom and from the judgment.
 

 To my notion the third paragraph places a police officer, injured in the performance of his official duties, at too great a disadvantage and should not be adopted as a general rule.
 

 In accordance with respectable authority, it is my view that statutes and ordinances relating to speed of motor vehicles and traffic regulations should not be applied to police vehicles or fire apparatus when in the performance of governmental functions, even though no specific exception is made in their behalf.
 
 Balthasar
 
 v.
 
 Pacific Electric Ry. Co.,
 
 187 Cal., 302, 202 P., 37, 19 A. L. R., 452, and annotation beginning at page 459;
 
 Lilly
 
 v.
 
 West Virginia,
 
 29 P. (2d), 61, 64 (C. C. A., 4);
 
 *526
 

 Toledo Rys. & Light Co.
 
 v.
 
 Ward, Admx., 2 C. C.
 
 (N. S.), 256, 263, 15 C. D., 399, 404; 3-4 Huddy Cyclopedia of Automobile Law (9th Ed.), 318, Section 170
 
 et seq.
 

 For example, the operator of an automobile driven over congested city streets at a speed of sixty miles an hour, in reckless disregard of the safety of others, cannot be apprehended by a pursuing officer unless the latter travels at a speed sufficient to overtake an offender. It is hardly reasonable that a legislative body, in passing a statute or ordinance designed to suppress reckless driving, intended to restrict officers in the speed they might find necessary to use in arresting a violator of such statute or ordinance. A criminal endeavoring to escape from the scene of his crime often uses a high powered motor car driven at a high rate of speed. An officer who gives chase is performing a public duty. He cannot successfully perform it unless he is accorded privileges not possessed by private citizens. He would be seriously handicapped in such undertaking if he were to be held to an observance of speed and other traffic regulations, and if his violation thereof were to be denoted as negligence.
 

 In a case like the present one where a motorcycle police officer seeks to recover damages for personal injuries sustained through the alleged negligence of the one who is sued, the sole test of his right to recover should be whether at the time of his injury he is exercising such care as an ordinarily prudent and careful motorcycle officer would exercise under the same or similar circumstances, having regard for his exemption from the obligation to obey speed and traffic regulations in the performance of official duties demanding emergency action.
 
 Heimer
 
 v.
 
 Salisbury,
 
 108 Conn., 180, 142 A., 749.
 

 The trial judge committed error prejudicial to the rights of plaintiff when he charged the jury that “these sections of the General Code and these ordinances of the City of Toledo * * * fixed the duty of the plain
 
 *527
 
 tiff while he was riding his motorcycle at the time and place set forth in his amended petition, and a violation of said statute or of said ordinances in any particular proximately causing injury and damage to plaintiff would constitute contributory negligence, or failure to exercise ordinary care.”
 

 Therefore, the judgment of the Court of Appeals should be affirmed.
 

 Day, J., concurs in the dissenting opinion.