No. 45,531

Billy W. Scogin, *Appellant,* v. Harold S. Nugen and Carolyn S. Napier, *Appellees.*

(464 P. 2d 166)

Opinion filed January 24, 1970.

*Russell E. Cranmer,* of Wichita, argued the cause and was on the brief for appellant.

*Kenneth H. Hiebsch,* of Wichita, argued the cause and was on the brief for appellee Harold S. Nugen.

The opinion of the court was delivered by

FROMME, J.: Billy W. Scogin brought this action against Harold S. Nugen and Carolyn S. Napier for personal injuries received in a vehicular accident. Officer Scogin was a motorcycle policeman pursuing a speeding motorist when the accident occurred. The case was tried to a jury which returned a verdict against the plaintiff, Scogin, and in favor of both defendants. Plaintiff appealed but later dismissed the appeal as to Carolyn S. Napier.

There is little dispute over the facts disclosed by the evidence. The accident occurred on Seneca Street which is a four lane boulevard running north and south in Wichita, Kansas. Officer Scogin was parked on a side street to the east of Seneca and was clocking the speed of motorists. He clocked a motorist exceeding the speed limit, waited for four cars to pass him, then entered Seneca street and headed north. He turned on his siren and red light. He passed two northbound vehicles and attained a speed of 35 miles per hour. He was traveling near the center of the four lane street. The Napier vehicle was ahead of him and travelling north. A vehicle driven by Harold S. Nugen was approaching from the north. Officer Scogin was 50 feet behind the Napier car when he noticed both the Nugen and Napier vehicles were continuing in a straight course. Both of these vehicles were close to the center line. The Napier car was slowing down but neither car was yielding the inside traffic lane. The outside lanes were clear of immediate traffic. Officer Scogin applied the rear brake on his motorcycle, slowed his speed, then elected to go between the two cars. He estimated the clearance to be 36 inches. The handlebars of the motorcycle measured 39 inches from tip to tip.

There was evidence from which it might be reasonably inferred that officer Scogin could have safely passed the Napier vehicle on the outside lane by applying the brakes to both wheels of his motorcycle and turning into the right lane of traffic.

In going between the Nugen and Napier vehicles he intentionally laid his motorcycle into the side of the Napier car. There was evidence his only contact with the Nugen vehicle came when a

tire of the Nugen car ran over a tire of the motorcycle. Officer Scogin and motorcycle passed between the cars but both man and cycle were spilled out of control in the street behind the Nugen vehicle. Serious injuries resulted.

Defendant Nugen testified he had no impairment of vision or hearing. At the time of this accident his car windows were up. The car radio was not on. He did not hear the siren or see the red light. He first noticed the officer when he was six feet away and headed right toward him on his left. The motorcycle passed him before he could react. He felt no impact between the motorcycle and his car.

Appellant Scogin contends this evidence discloses as a matter of law that he is entitled to recover damages.

The evidence discloses appellant was the operator of an authorized emergency vehicle as defined in K. S. A. 8-501. It further discloses the defendant Nugen did not yield the right of way as required in K. S. A. 8-554. He did not drive to the right-hand curb and stop to allow the officer to pass. However, the act does not relieve an operator of an emergency vehicle from a duty to use proper care.

K. S. A. 8-505 (*e*) provides:

"The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his ordinary negligence or reckless disregard for the safety of others."

Under the pre-trial conference order an issue was raised by defendant as to whether the officer was negligent in a manner which was a direct cause of his injuries. Defendant contended the officer failed to slow up or maneuver in response to other vehicles visible to him in the street so as to avoid the collision. The jury found the officer was negligent in that "he was aware of traffic conditions at the time and did not use proper judgment to avoid impending accident".

A driver, absent knowledge to the contrary, may assume other vehicles using the highway will obey the rules of the road but he is not permitted to act blindly on that assumption when it is apparent the other driver is continuing on the wrong side of the road. (*Gard v. Sherwood Construction Co.*, 194 Kan. 541, 400 P. 2d 995; *DeGraw v. Kansas City & Leavenworth Transportation Co.*, 170 Kan. 713, 228 P. 2d 527.)

A police officer operating under the privileges and exemptions granted to emergency vehicles may assume other vehicles using the highway will yield the right of way as required by law. However, he is not permitted to act blindly on that assumption if it should be apparent to him in the exercise of reasonable care that the other driver is continuing to occupy the same lane of traffic and has failed to yield the right of way. In such case negligence, contributory negligence and proximate cause remain questions of fact for the jury. (See *Duran v. Mission Mortuary,* 174 Kan. 565, 258 P. 2d 241.)

The trial court excluded evidence that the defendant had pled guilty to a traffic ticket for failing to yield the right of way. The charge arose out of the circumstances of plaintiff's accident. In excluding this evidence the trial court gave the following reasons for the exclusion:

"The evidence proffered concerning the traffic ticket and fine paid by defendant Nugen is overruled. The Court has heard counsel's statements on this matter and has received the depositions concerning same and finds that the signature of the defendant Nugen on the back of the traffic ticket was not a genuine admission of guilt of negligence, but what is merely a part of the fine paying process. . . ."

Appellee justifies the exclusion of the plea of guilty on the basis of citations from New York and Ohio. He argues the plea and the payment of a traffic fine do not constitute admissions when they result from a "cafeteria system" for taking care of minor traffic tickets. He argues the cost and inconvenience of defending against a traffic ticket are the practical motivations for such a plea. Economic factors dictate a plea be entered rather than to have the expense and inconvenience of defending against the ticket.

This may be true and in rebuttal a defendant may so testify. The argument is one affecting the weight of the evidence and might properly be presented to a jury. We cannot say this justifies exclusion of a plea of guilty if it is otherwise admissible under our rules of evidence.

Under our rules of evidence as codified any evidence having a tendency in reason to establish a material fact is relevant and may be admitted in evidence. (See K. S. A. 60-401 *et seq.*) Some specific exclusions are set forth in the code, such as hearsay, but admissions of a party are proper under K. S. A. 60-460 (g). It reads as follows:

"*Admissions by parties.* As against himself a statement by a person who is a party to the action in his individual or a representative capacity and if

the latter, who was acting in such representative capacity in making the statement;"

In *Musick v. Enos,* 95 Kan. 397, 148 Pac. 624, it was held:

". . . The record of a plea of guilty by the defendant to a criminal charge for the same assault was properly received in evidence as an admission. . . ." (p. 398)

In *Federal Deposit Ins. Corp. v. Cloonan,* 165 Kan. 68, 193 P. 2d 656, the plea of guilty was distinguished from the plea of *nolo contendere* and it was pointed out the latter plea, *nolo contendere,* is limited to the case in which such plea is entered. The reasoning in *Cloonan* reaffirmed the use of a guilty plea as an admission in any civil suit based on the same happening.

A plea of guilty to a traffic charge growing out of an accident is an admission of the acts which were the basis of the charge. The plea of guilty may be shown in a civil action growing out of the same accident as an admission of the acts charged.

However, exclusion of the plea of guilty in the present case was not prejudicial error. As shown by answers to special questions the jury found that plaintiff had committed negligence which was a direct and contributing cause of the accident. When answers to special questions by a jury indicate the plaintiff committed negligence which was a direct and contributing cause of his injury and a general verdict is rendered in favor of the defendant prejudicial error cannot be predicated on the exclusion of evidence tending to prove defendant was also negligent. ( *Turner v. Railway Co.,* 106 Kan. 591, 189 Pac. 376; *Critchfield v. Ernzen,* 181 Kan. 284, 310 P. 2d 930; *Cope v. Kansas Power & Light Co.,* 192 Kan. 755, 391 P. 2d 107.)

Appellant next objects to one of the instructions given by the trial court in defining the extent and effect of immunity granted by statute to the driver of an authorized emergency vehicle.

The instruction to which the appellant objects is as follows:

"The police motorcycle in this case was an emergency vehicle as authorized by law.

"As it pertains to this case, the law provides that upon the immediate approach of an authorized emergency vehicle, when the driver is giving audible signal by siren, the driver of every other vehicle shall yield the right-of-way, and shall immediately drive to a position parallel to and as close as possible to the right hand edge or curb of the street, and shall stop and remain in such position until the authorized emergency vehicle has passed.

"*The law also provides that a driver, such as the police officer here, when operating any such vehicle in an emergency or in pursuit of a suspected*

*violator of the law, may exceed established speed limits so long as he does not endanger life or property, and may disregard other traffic regulations governing direction of movement or turning in specified direction so long as he does not endanger life or property. These exemptions, or privileges, shall apply only when the driver of such vehicle sounds a siren and the vehicle displays a lighted red lamp visible from the front.* (Emphasis added.)

"The foregoing exemptions, or privileges, shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall it protect the driver from the consequences of his ordinary negligence.

"The law also provides that the operators of vehicles, such as the plaintiff officer here, may assume that other drivers using the city streets will observe the law and he is not guilty of contributory negligence for acting on such assumption until he knows or reasonably should have known to the contrary."

The portion of this instruction criticized is contained in the paragraph emphasized. Criticism relates to that portion of the instruction which states the driver of the emergency vehicle is required to sound a siren and display a lighted red lamp visible from the front.

The appellant correctly points out that, although authorized emergency vehicles are required under K. S. A. 8-505 (*d*) to use both audible and visual signals, a police vehicle need not be equipped with or display a red light.

However, this apparent error in the instructions did not affect plaintiff's rights prejudicially. The evidence established the motorcycle was equipped with and displayed a red light. In answer to special questions the jury found plaintiff's negligence to be, "He was aware of traffic conditions at the time and did not use proper judgment to avoid impending accident". Negligence which prevented plaintiff's recovery was not based upon failure to display a red light.

Appellant further complains that this instruction did not advise the jury of the proper degree of care required of him as the operator of an emergency vehicle. Appellant contends under the statutes he is entitled to recover for the negligence of others unless he has acted in "reckless disregard of the safety of others".

The wording of these statutes which grant immunities does not appear consistent. The statutes must be construed, if possible, so as to harmonize their various provisions and give reasonable effect to all.

The rule of construction was set forth in *Harris v. Shanahan,* 192 Kan. 629, 390 P. 2d 772 as follows:

"In construing a statute the legislative intention is to be determined from a general consideration of the whole act. Effect must be given, if possible, to the entire statute and every part thereof. To this end it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible. (Citing cases.)" (p. 635.)

The act regulating traffic appears in Chapter 8, Article 5 of Kansas Statutes Annotated. This act provides a comprehensive set of rules governing speed, movement and parking of vehicles on streets and highways. The rules apply to the motoring public in general but immunities are granted to certain authorized emergency vehicles. Emergency vehicles may exceed maximum speed limits and disregard rules governing direction of movement. (K. S. A. 8-505 [c].) These statutes relating to emergency vehicles and granting the immunities recite the "provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons".

K. S. A. 8-505 (e) provides:

"The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his *ordinary negligence* or *reckless disregard for the safety of others.*" (Emphasis added.)

K. S. A. 8-536 relating to speed limitations provides:

"The speed limitations set forth in this act shall not apply to authorized emergency vehicles when responding to emergency calls and the drivers thereof sound audible signal by bell, siren or exhaust whistle. This provision shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the street or highway, nor shall it protect the driver of any such vehicle from the consequence of a reckless disregard of the safety of others."

K. S. A. 8-554 requires other drivers to yield the right of way and includes the following provision:

"(c) This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway."

The term "ordinary negligence" is included only in K. S. A. 8-505 (e). All three statutes direct that the driver of an emergency vehicle shall not be relieved from the duty to drive with due regard for the safety of all persons. The first two statutes contain the additional statement, "nor shall such provision protect the driver from the consequences of a reckless disregard for the safety of others".

In construing these various statutes we must determine what standard of care was intended by the legislature. Will ordinary negligence bar recovery by the operator of a police vehicle or is he barred from recovery only on a showing of wantonness or reckless disregard?

In *Duran v. Mission Mortuary*, supra, we held that recovery *against* the drivers of authorized emergency vehicles was based upon ordinary negligence, lack of due care. However, the effect of the present statutes was not discussed.

The appellant contends, if we apply the test of ordinary negligence in barring recovery, the immunities granted in these statutes are meaningless because the officer enjoys no immunity if he has an accident. In other words the statutes grant him no protection the ordinary motorist does not enjoy.

We do not agree.

If a motorist drives a motor vehicle at a rate of speed in excess of a speed limit he is violating a statute. The violation is prima facie negligence in that his actions in exceeding the speed limit are not in accord with a statutory standard of due care set for a reasonable prudent motorist. (*Barshfield v. Vucklich*, 108 Kan. 761, 197 Pac. 205.) In such case if this prima facie showing of negligence is, under the circumstances, a direct cause of the injuries received a prima facie case of actionable negligence is shown. (*Goodloe v. Jo-Mar Dairies Co.*, 163 Kan. 611, 185 P. 2d 158.) The violation of the law governing the speed of motorists shows a lack of due care and constitutes negligence.

In construing the present statutes granting immunity to drivers of emergency vehicles we must assume the legislature had these basic principles in mind.

K. S. A. 8-505 (*c*) provides:

"The driver of an authorized emergency vehicle may: (1) Park or stand, irrespective of the provisions of this act. (2) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation. (3) Exceed the maximum speed limits so long as he does not endanger life or property. (4) Disregard regulations governing direction of movement or turning in specified directions."

The legislature enumerated four areas in which the operator of an emergency vehicle is not required to comply with traffic regulations. In those areas of regulation his failure to comply with the law is not a violation of the traffic regulations. It follows that the statutory standard of reasonable speed, etc. does not apply to him.

Prima facie negligence cannot be predicated upon a showing he exceeded a set speed limit if he is operating as an emergency vehicle under the statute. However, if he operates his vehicle at such speeds and under such circumstances as to indicate a reckless disregard for the safety of others he may be negligent. He is negligent, not because he exceeded the speed limit, but because he failed to use such care as a prudent man would exercise in the discharge of official duties of a like nature under like circumstances.

The legislature requires the driver of an authorized emergency vehicle to drive with due regard for the safety of all persons. (K. S. A. 8-505 [e], 536, 554 [c]). The same standard of care must apply regardless of whether the operator sues or is being sued.

The proper standard of care required of the driver of an emergency police vehicle is the standard of care of a prudent man in the discharge of official duties of a like nature under like circumstances. (*McKay v. Hargis,* 351 Mich. 409, 88 NW 2d 456; *Edberg v. Johnson,* 149 Minn. 395, 184 NW 12; *Heimer v. Salisbury,* 108 Conn. 180, 142 A. 749.)

We see no material prejudice to plaintiff's substantial rights when the instructions are examined in the light of what has been said. The privileges extended to a police officer under K. S. A. 8-505 (c) as the operator of an authorized emergency vehicle do not relieve him from the duty to drive with due regard for the safety of all persons using the highway. He must use such care as a prudent man would exercise in the discharge of official duties of a like nature under like circumstances.

Although the instruction given is not a model for clarity or brevity it was sufficient to properly advise the jury on the law under the circumstances of the present case.

A fourth point presented and argued relates to testimony elicited on cross-examination of appellant concerning several other motorcycle accidents.

Specific instances of conduct generally are inadmissible in evidence to prove the quality of conduct on any subsequent occasion. (*Gardner v. Pereboom,* 197 Kan. 188, 416 P. 2d 67; See also K. S. A. 60-448 and 60-422 [d].)

On cross-examination officer Scogin was asked concerning specific accidents he had had with his police motorcycle. The motorcycle had been damaged eight times and he had received injuries in at least two instances. No objection to this line of questioning was

interposed until he had been questioned as to three separate accidents. At that time counsel made the following objection:

"Your Honor, I'm going to object to this unless there's some evidence that the officer was injured. Prior accidents or subsequent accidents with the cycle have no relevancy in proving what happened out there on that day. This is—all these officers have accidents with these cycles, but unless there's something about the injuries it's not relevant."

The court ruled:

"This is proper cross-examination for the issues in this case if the proof for these incidents exists, but the proof must exist."

The officer was further questioned and testified of an injury to his elbow and knee in May 1964 and of wearing a brace in 1965.

K. S. A. 60-404 provides:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

The specific ground of the objection in the present case is not clear on the record before us. The first sentence of the objection indicates it is based upon lack of a showing injuries were received in these accidents. The second sentence contains a more general objection that specific instances of conduct are inadmissible to prove the quality of conduct on the present occasion. However, the third sentence again directs the court's attention to a lack of injuries.

The court's ruling in admitting the evidence does not show the basis upon which it was admitted.

This evidence of prior injuries received might be relevant on the extent of appellant's injuries in the present accident. The testimony did show he had previously injured his elbow and knee, had treatment from Dr. Hidaka and wore a brace. His present injuries included damage to his elbow and knee.

K. S. A. 60-406 provides:

"When relevant evidence is admissible as to one party or for one purpose and is inadmissible as to other parties or for another purpose, the judge upon request shall restrict the evidence to its proper scope and instruct the jury accordingly."

The appellant made no request to restrict this evidence to its proper scope as required by the foregoing statute.

A verdict should not be set aside and a judgment based thereon should not be reversed by reason of the admission of evidence

admissible for a limited purpose only unless there appears of record an objection so stated as to make clear the specific ground of the objection and a request to restrict the evidence to its proper scope.

No contemporaneous objection was made as to the first two accidents and no request was made to restrict the evidence to its proper scope. Error in such case is held harmless error under K. S. A. 60-261 and judgment on appeal is rendered pursuant to the directions of K. S. A. 60-2105 without regard to technical errors and irregularities.

The final point raised concerns the special questions submitted to the jury. They are as follows:

"1. Did the plaintiff commit negligence?

"Answer: Yes.

"If so, then state of what such negligence consisted. 'He was aware of traffic conditions at the time and did not use proper judgment to avoid impending accident.'

"2. Did the defendant, Nugen, commit negligence?

"Answer:   . . .

"If so, then state of what such negligence consisted.   . . .

"3. Did the defendant, Napier, commit negligence?

"Answer: No."

The appellant submits these questions were not given under proper instructions.

We have examined the court's instructions and the special questions. The form and substance of the questions appear proper in light of the instructions given. The number and form of special questions are subject to the control of the trial judge and he should give such explanation or instruction as may be necessary to enable the jury to make answers to the interrogatories and to render a general verdict. (K. S. A. 60-249 (b); *McKinley-Winter Livestock Commission Co. v. Fletcher,* 185 Kan. 637, 642, 347 P. 2d 248.)

Failure of the court to use the terms "contributory negligence" and "direct cause" in explaining the special questions to the jury is of no consequence when the formal instructions fully cover these matters. (*Holt v. Bills,* 189 Kan. 14, 16, 366 P. 2d 1009.)

Failure of the jury to answer a special question is not prejudicial error when no request is made to require an answer and the general verdict is consistent with those special questions answered. (*Brenneman v. Fleming,* 101 Kan. 393, 395, 166 Pac. 482.)

The answers given to the special questions were entirely consistent with the general verdict. The acts of negligence which the

jury found to have been committed by plaintiff were within the issues of fact recited in the pre-trial order. They were supported by the evidence.

The judgment is affirmed.